Argued and submitted March 11, appeal dismissed May 1, reconsideration granted; appeal reinstated; reversed and remanded for trial August 21, 1985
See 75 Or App 38, 705 P2d 205 (1985)

CITY OF PORTLAND,
*Appellant,*

*v.*

SMITH, aka Stack,
*Respondent.*

(DA 271382; CA A33198)

698 P2d 990

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Allan D. Sobel, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

A complaint was filed in the Multnomah County District Court entitled "CITY OF PORTLAND v. LORRA COLETTE SMITH." The complaint charged defendant with prostitution in violation of a Portland city ordinance. Defendant's demurrer to the complaint was sustained. A notice of appeal was filed in this court that stated:

"Appellant, *the State of Oregon,* hereby gives NOTICE OF APPEAL * * *." (Emphasis supplied.)

Defendant moved to dismiss the appeal on the ground that the state is not a party to this proceeding and cannot appeal. The state responds that, under ORS 221.315, the district attorney for Multnomah County is authorized to prosecute violations of Portland city ordinances in the name of the state of Oregon. ORS 221.315 provides:

"(1) Prosecution of violations of city charter or ordinances in district or justice's court shall be by the city attorney and in the name of such city. An agreement may be made between any city and, on behalf of the state, the presiding judge of the district court for the county in which all or part of such city is located, that such violations be prosecuted for such city in the district court by the district attorney in the name of the State of Oregon. An agreement may be made, pursuant to ORS 190.010, between any city and the county in which all or part of such city is located, that such violations be prosecuted for such city in the justice's court by the district attorney in the name of the State of Oregon.

"* * * * *"

Defendant argues that ORS 221.315 is not self-executing and that the record contains no evidence of an agreement between the city of Portland, the district attorney and the presiding judge of the district court as required by that section.

We agree. The case was brought in the name of the city, not the state, and there is no evidence of any agreement allowing the district attorney to prosecute city ordinance violations in the name of the state. On appeal, the state contends that that was obviously a scrivener's error and that the naming of the wrong party should be disregarded. However, the facts remain that the state filed the notice of appeal and that there is no evidence of its authority to do so.

Appeal dismissed.