On appellant's reconsideration filed May 31 of former opinion (73 Or App 380, 698 P2d 990 (1985)) dismissing the appeal, reconsideration granted; appeal reinstated; reversed and remanded for trial August 21, 1985, petition for review denied February 4, 1986 (300 Or 545)

CITY OF PORTLAND,
*Appellant,*

*v.*

SMITH,
aka Stack,
*Respondent.*

(DA 271382; CA A33198)

705 P2d 205

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for petition.

Allan D. Sobel, Portland, contra.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The City of Portland petitions for review of our decision dismissing the appeal, 73 Or App 380, 698 P2d 990 (1985), and we treat the petition as one for reconsideration. ORAP 10.10. We grant the petition, reinstate the appeal and, on the merits, reverse and remand.

A complaint was filed in the Multnomah County District Court charging defendant with prostitution in violation of a Portland city ordinance. The complaint was entitled "CITY OF PORTLAND v. LORRA COLETTE SMITH." The court sustained defendant's demurrer to the complaint and a notice of appeal was filed, which stated:

"Appellant, *the State of Oregon,* hereby gives NOTICE OF APPEAL * * *." (Emphasis supplied.)

Defendant moved to dismiss the appeal on the ground that the designated appellant, the state, was not a party to the case. The appellant responded that, under ORS 221.315, the district attorney for Multnomah County had authority to prosecute violations of city ordinances in the name of the state. We said:

"* * * The case was brought in the name of the city, not the state, and there is no evidence of any agreement allowing the district attorney to prosecute city ordinance violations in the name of the state [under ORS 221.315]. On appeal, the state contends that that was obviously a scrivener's error and that the naming of the wrong party should be disregarded. However, the facts remain that the state filed the notice of appeal and that there is no evidence of its authority to do so." 73 Or App at 382.

The city, in its petition for review, cites ORS 8.650:

"The district attorney in each county is the public prosecutor therein and has the authority to appear and prosecute violations of the charter and ordinances of any city provided the district court of the county has jurisdiction with respect to violations of the charter and ordinances of each such city. *In cities of population of more than 300,000 the district attorney shall be responsible for the prosecution of all city ordinance violations.*" (Emphasis supplied.)

It argues that, because Portland is a city of over 300,000 population, the Multnomah County District Attorney is

required to prosecute Portland ordinance violations. On appeal, neither party cited ORS 8.650, and we addressed only the authority of the state to be a party under ORS 221.315. Our analysis may have created some confusion as to the authority of the Multnomah County District Attorney to prosecute Portland ordinance violations. We agree that ORS 8.650 is the relevant statute and that it gives the Multnomah County District Attorney authority to prosecute in the name of the City of Portland without the necessity of an agreement as specified in ORS 221.315.

■    ORS 8.650 does not solve the problem entirely. The facts remain that the prosecution was in the name of the city and that the appeal was filed on behalf of the state, which was not a party. The city argues that designating the state as appellant was a scrivener's error which did not mislead or prejudice respondent. We have authority to examine and construe a notice of appeal which is facially defective in order to determine our jurisdiction. In *Street v. Gibson,* 295 Or 112, 663 P2d 769 (1983), there were two parties who could have appealed, but the notice of appeal used only the singular designation "appellant" and did not name either party. The court accepted affidavits to the effect that it was intended that both parties be named in the notice of appeal as appellants and construed the notice to be on behalf of both of them.

Although the city offers no proof other than the assertion in its brief that the misdesignation was a scrivener's error, we conclude that that is obviously what occurred. The caption on the notice of appeal designates the City of Portland as appellant and properly designates the respondent. The scrivener[1] simply used the wrong form, which had the pre-printed designation of the state as appellant. Respondent could not have been misled by the error. On reconsideration, we reinstate the appeal.

Because we previously dismissed the appeal, we did not address the merits. Defendant's demurrer was based on the identical contention that we rejected in *City of Portland v. Dollarhide,* 71 Or App 289, 692 P2d 162 (1984), *rev allowed* 298

---

[1] "Scrivener" is a generic designation that covers a potential multitude of sinners without assigning individual responsibility.

Or 704 (1985). Defendant conceded in her brief on appeal that *Dollarhide* requires reversal. We agree.

Petition for reconsideration granted; appeal reinstated; reversed and remanded for trial.