Argued and submitted December 5, 1986, reversed and remanded June 24, 1987

In the Matter of the Compensation of
William H. Kahl, Claimant.

KAHL,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(82-10923, 82-00907; CA A39161)

738 P2d 999

Roger Ousey, Eugene, argued the cause for petitioner. On the brief were Jerome F. Bischoff, and Bischoff & Strooband, P.C., Eugene.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jeff Ellis, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

On December 12, 1983, a referee issued an order denying claimant's aggravation claim. Claimant mailed a request for review to the Workers' Compensation Board less than 30 days after the order was issued. The letter to the Board was properly addressed, except that apparently the address included the zip code 97312, which is used exclusively by SAIF, instead of the correct zip code, 97310.[1] The Board has no record of receipt of the request, but the Board's original copy of the request for review addressed to the Board was found in SAIF's files.

In September, 1984, claimant's counsel contacted the Board to request a transcript and to ask the Board to proceed with the case. He received no response and again contacted the Board in March, 1985. In November, 1985, claimant's attorney received a transcript. The Board's cover letter stated that review had been requested on December 19, 1983. On December 23, 1985, SAIF moved to dismiss the request for review on the ground that the request was not timely filed with the Board. The Board concluded that claimant's request for review was misaddressed and, therefore, was not mailed to or received by the Board within the required 30 days. The Board held that it was without jurisdiction and dismissed the request for review. We reverse.

Claimant argues that the Board erred in concluding that he had failed to prove by a "preponderance of the evidence" that the request was mailed within the statutory time limits. ORS 656.289(3) provides that a referee's order is final unless "within 30 days after the date on which a copy of the order is mailed to the parties, one of the parties requests a review by the Board under ORS 656.295." ORS 656.295(2) requires that the request be mailed to the Board and that copies be mailed to all parties.

At all pertinent times, there were no specific provisions in the statute or administrative rules establishing how the mailing required by ORS 656.295 must be proven.[2] The

---

[1] The Board took judicial notice that SAIF's zip code belongs to no other postal patron.

[2] An administrative rule now provides that the minimum acceptable proof of mailing is a "receipt stamped by the post office showing the date mailed and the certified or registered number." OAR 438-05-040(4)(b).

evidence is persuasive that claimant put the letter in the mail addressed to the proper party at the correct street address. The only error which might have been made was in the zip code. The delivery by the Postal Service to a zip code instead of a street address does not nullify the fact that claimant complied with the requirement that he mail a request for review to the Board within 30 days of the referee's order. Service was adequate.

Reversed and remanded.