On appellants' petition for reconsideration filed March 7, of order of dismissal dated February 9, petition for reconsideration allowed, previous order adhered to May 17, reconsideration denied June 16, petition for review denied August 1, 1989 (308 Or 197)

HEIN et al,
*Respondents,*

*v.*

COLUMBIA COUNTY, OREGON,
*Respondent,*

STROBEL et ux,
*Appellants.*

(87-2038; CA A49280)

773 P2d 791

Robert P. Van Natta, St. Helens, for petition.

Before Rossman, Presiding Judge, and Deits and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendants Strobel (defendants) have petitioned for review of our order dismissing their appeal. A petition for review is treated as a petition for reconsideration by this court. ORAP 10.10(1). We allow reconsideration and adhere to our previous order.

■       The issue is whether an appeal must be dismissed if the notice of appeal is filed in the Court of Appeals within 30 days after entry of judgment but a copy of the notice, mailed without post office proof of the mailing date, is received by a party to the appeal more than 30 days after entry of judgment. We hold that the timely filing of the notice of appeal does not excuse the failure to serve the notice on an adverse party timely.

Defendants' notice of appeal from a judgment entered on July 5, 1988, was filed in this court on August 4, 1988. There is no question about the timeliness of that filing. ORS 19.023(3); ORS 19.026(1). In the filed notice of appeal, counsel certified that, on August 3, 1988, he mailed a copy of the notice to counsel for the adverse parties on appeal. Plaintiffs moved to dismiss on the ground that their attorney did not receive the service copy of the notice until August 5, 1988, 31 days after the date of entry of the judgment. We allowed the motion and dismissed the appeal.

Defendants' argument is that, if a notice of appeal is timely filed, it does not matter for our jurisdiction when adverse parties receive their copies of the notice. They rely on ORS 19.028(2) and the last sentence of ORS 19.028(1):

"(1)   Filing a notice of appeal in the Court of Appeals or the Supreme Court may be accomplished by mail. The date of filing such notice shall be the date of mailing, provided it is mailed by registered or certified mail and the party filing the notice has proof from the post office of such mailing date. Proof of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken. If the notice is received by the court on or before the date by which such notice is required to be filed, the party filing the notice is not required to file proof of mailing.

"(2)   Service of notice of appeal on a party * * * may be accomplished by mail, subject to the same requirements as

filing notice of appeal by mail as provided in subsection (1) of this section."

Defendants argue that the last sentence of ORS 19.028(1) should be read to create a "safe harbor" so that, if a notice of appeal is received by the Court of Appeals within 30 days after entry of judgment, the appellant does not need to prove that the notice was timely served on the adverse parties. However, ORS 19.028(1) and (2) impose the same proof requirements on serving a notice of appeal as on the filing of the notice. Thus, if the service copy is received by an adverse party within 30 days after the date of entry of judgment, the appellant need not provide proof of the date of mailing but, if the service copy is received after the 30-day period, the applicant must be able to prove that it was mailed by certified or registered mail with proof from the post office of the date of mailing.

Defendants contend that, if the latter interpretation is correct, then whether the court has jurisidiction can depend on the existence of facts not easily verifiable by the court, namely, whether counsel for the adverse party received the notice of appeal and, if so, when. It is true that factual issues may arise concerning when the copy was received. Whether ORS 19.028(2) may sometimes require us to resolve factual issues before determining whether we have jurisdiction of an appeal is not determinative. The timely filing of a notice of appeal and timely service of the notice on each adverse party are separate distinct requirements for taking an appeal. *See* ORS 19.023(2), (3).[1] Moreover, ORS 19.033(2) provides:

"The following requirements of ORS 19.023, 19.026 and 19.029 are jurisdictional and may not be waived or extended:

_____

[1] ORS 19.023 provides:

"(1) An appeal to the Court of Appeals shall be taken in the manner prescribed in this section, ORS 19.026, 19.029 to 19.065 and 19.074 to 19.210.

"(2) The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.029, to be served:

"(a) On all parties who have appeared in the action, suit or proceeding;

"(b) On the clerk of the trial court; and

"(c) On the trial court reporter if a transcript is designated in connection with the appeal.

"(3) The original of the notice with proof of service indorsed thereon or affixed thereto shall be filed with the Court of Appeals."

"(a) Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who appeared in the action, suit or proceeding, as provided in ORS 19.023(2)(a), within the time limits prescribed by ORS 19.026.

"(b) Filing of the original notice of appeal with the Court of Appeals as provided in ORS 19.023(3), within the time limit prescribed by ORS 19.026."

Service and filing are separate events, both of which must be accomplished within the appeal period. ORS 19.028 does not modify those jurisdictional necessities; it merely provides that a document, if mailed in a certain way, is deemed "filed" or "served" on the date that it is mailed.

Before its amendment in 1987, ORS 19.028 concerned only the *filing* of the notice of appeal and other documents. It was amended, Or Laws 1987, ch 852, § 6, to add section (2), dealing with *service* of the notice of appeal. Before 1987, a party wanting to serve the notice of appeal on another party had to arrange for personal delivery within the 30-day period or, if the service copy were mailed, hope that it was received within the 30-day period. There simply was no authority for an appellant to rely on the mailing date as the service date. ORS 19.028(2) was intended to remedy that problem. It was not intended to create, nor did it inadvertently have the effect of creating, the anomalous situation that filing of a notice of appeal within the 30-day period would dispense with the need to make timely service on the adverse parties.

In this case, plaintiffs provided an affidavit of their attorney that "on August 5, 1988, I received by regular mail a document certified by defendants Strobel's attorney * * * to be a copy of a notice of appeal he filed on behalf of the Strobels. I did not receive a copy of that document before August 5." Later, plaintiffs submitted an affidavit of the employe of plaintiffs' attorney's law firm whose responsibility it was to open mail addressed to the law firm, who stated that the service copy of the notice of appeal was delivered to the law firm on August 5, 1988, and opened that same day, as indicated by the date stamp affixed on the back of the document. Defendants have not contested plaintiffs' evidence nor fur-

nished any proof whatsoever that the copy was received within the appeal period.

█ Accordingly, we find that plaintiffs' counsel received the copy of the notice of appeal on August 5, 1988. Because it was not mailed as required by ORS 19.028(1), it was served untimely. The appeal was properly dismissed for lack of jurisdiction.

Petition for reconsideration allowed; previous order adhered to.