On appellant - cross-respondent's petition for reconsideration filed June 18, and on order of dismissal filed May 22, *nunc pro tunc* May 15, reconsideration allowed; previous order adhered to October 24, 1990, petition for review denied February 19, 1991 (311 Or 166)

## In the Matter of the Marriage of

### Carol J. HARRIS,
*Respondent - Cross-Appellant,*
*and*

### James O. HARRIS,
*Appellant - Cross-Respondent.*

(CV 89-50; CA A63742)

799 P2d 699

Thomas W. Brown, Cosgrave, Vergeer & Kester, Portland, and Dennis A. Hachler, Portland, for petition.

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

EDMONDS, J.

Rossman, J., dissenting.

## EDMONDS, J.

Appellant petitions for review of our order dismissing his appeal from a judgment of dissolution because of a lack of timely service of the notice of appeal on respondent.[1] We treat the petition as one for reconsideration, ORAP 9.15(1), allow it and adhere to our previous order.

The trial court entered judgment in this proceeding on January 11, 1990. On February 9, appellant's attorney sent a notice of appeal by first class mail to the trial court reporter and the Umatilla County Trial Court Administrator, as required by ORS 19.028(2).[2] However, the copy sent to respondent's attorney was addressed to him at the post office box for the trial court administrator. On February 13, knowing that an appeal had been filed, respondent's attorney notified the office of appellant's attorney that he had not received the notice of appeal. That same day, a secretary mailed to respondent's attorney a second copy of the notice. On February 14, he received both copies of the notice of appeal.

The issue is whether sending a notice of appeal to the wrong post office box is "service" for purposes of ORS 19.028(2). Appellant first argues that this defect is not jurisdictional, because neither the language nor the underlying history of ORS 19.028(2) expressly governs addressing an envelope containing a notice of appeal or requires dismissal if service requirements are not met.[3] However, surely, the legislature intended, by allowing service of notices of appeal by mail, that notices be mailed to the *correct* address. Under appellant's view, ORS 19.028(2) could be satisfied by depositing in a mailbox an envelope with the correct name and *any* address. That certainly would defeat the purpose underlying

---

[1] Our order stated that the cross-appeal would proceed.

[2] ORS 19.028(2) provides:

"Service of notice of appeal on a party, court reporter or the clerk of the trial court * * * may be accomplished by first class, registered or certified mail. The date of serving such notice shall be the date of mailing * * *."

[3] Appellant points to *McQuary v. Bel Air Convalescent Home, Inc.,* 296 Or 653, 658-59, 678 P2d 1222 (1984), where the service of a notice of appeal on the court reporters and the clerk of the trial court was held not to be jurisdictional, because the purpose of service upon those individuals was to accommodate administrative needs of the courts in processing appeals. The issue here, however, involves service on the adverse party to an appeal. *See* ORS 119.033(2)(a).

ORS 19.028(2), which is to ensure that potential respondents are put on notice of the filing of appeals.

Appellant next contends that our amended order is inconsistent with our holding in *Kahl v. SAIF,* 86 Or App 203, 738 P2d 999 (1987). There, we held that the evidence was persuasive that claimant "mailed" a request for review to the Worker's Compensation Board under ORS 656.295[4] when he put in the mail a letter addressed to the proper party at the correct street address, but with an erroneous zip code. That mistake resulted in the claimant's request being sent to SAIF, apparently because the address included a zip code used exclusively by SAIF. We said:

> "The delivery by the Postal Service to a zip code instead of a street address does not nullify the fact that claimant complied with the requirement that he mail a request for review to the Board within 30 days of the referee's order. Service was adequate." 86 Or App at 206.

In contrast, appellant's notice was addressed to the correct city and zip code, but the wrong post office box.

■ ■   If service by mail of a notice of appeal is to be an adequate substitute for personal service, it must, as with other types of service, be reasonably calculated to apprise the other party of the existence and pendency of the appeal and to afford a reasonable opportunity to appear and defend. *See, e.g.,* ORCP 7D(1). A wrong zip code with an otherwise correct address, as occurred in *Kahl,* is reasonably calculated to give that type of notice, because the claimant's notice likely would have been delivered to the proper addressee. That probability does not exist when an address contains the wrong post office box or when personal service is on the wrong individual or substituted service is made by leaving a summons and complaint at the wrong address. *See* ORCP 7D(2)(b). Indeed, in

---

[4] ORS 656.292(2) provides:

"The requests for review [by the Workers' Compensation Board] shall be mailed to the board and copies of the request shall be mailed to all parties to the proceeding before the referee."

those situations there is the possibility that the intended individual will *never* receive notice of any pending proceedings.[5]

Appellant next argues that the legislative history of ORS 19.028(2) "establishes that the Oregon Legislature does not want litigants deprived of their appellate rights merely because of defects in the manner of service." Before 1987, a party who sought to achieve service by mailing had to secure the receipt of the notice of appeal within the 30-day period. In 1987, the legislature amended ORS 19.028(2) so that service became effective at the time of mailing the notice, if it was mailed by registered or certified mail. In *Hein v. Columbia County,* 96 Or App 576, 773 P2d 791, *rev den* 308 Or 197 (1989), we held that a notice sent by regular mail still had to be received within the 30-day period. In response to *Hein,* the 1989 legislature amended ORS 19.028(2) to provide that the date of mailing by first class mail, as well as registered or certified mail, is the date of service of a notice of appeal. Or Laws 1989, ch 768, § 12. From that history, we discern no legislative intent to dispense with the requirement that the notice be mailed to the correct address.

Finally, appellant invokes the holding in *Street v. Gibson,* 60 Or App 768, 655 P2d 604 (1982), *aff'd* 295 Or 112, 663 P2d 769 (1983), in support of his argument that the mistaken address was a "mere scrivener's error" that should not deprive us of jurisdiction. In *Street,* a notice of appeal was addressed to the respondent and his attorney, but did not name anyone as the appellant. However, the notice was signed by one of the attorneys for the appellants, so there was no question of which side was filing the appeal. We held that, because the respondent was neither misled nor prejudiced, the failure to name an appellant was a mere scrivener's error, a defect that did not deprive the court of jurisdiction. *Street v. Gibson, supra,* 60 Or App 770.

---

[5] Defendant's actual notice of an action does not make service adequate under ORCP 7, unless the summons is served in a manner reasonably calculated to apprise the defendant of the existence and pendency of an action against him. *Baker v. Foy,* 310 Or 221, 230, 797 P2d 349 (1990), *citing Jordan v. Wiser,* 302 Or 50, 60, 726 P2d 365 (1986). Likewise, respondent's attorney's knowledge that an appeal had been filed does not make the attempted service of the notice of appeal adequate under ORS 19.028(2), because the notice was not served in a manner "reasonably calculated" to apprise respondent of the pendency of the appeal.

On review, the Oregon Supreme Court affirmed, stating:

> "The question is whether the Court of Appeals obtained jurisdiction, by a *textually faulty notice of appeal,* to determine that the fault was a 'scrivener's error' and to allow a correction of that error so as to establish its jurisdiction over the appeal. We hold that the court had jurisdiction to make this determination and corresponding correction." 295 Or at 115. (Emphasis supplied.)

We reached similar conclusions in *Guinasso v. Pacific First Federal,* 89 Or App 270, 273-74, 749 P2d 577, *rev den* 305 Or 672 (1988), where we held that failure of notice of appeal to refer to the named plaintiffs as class representatives rather than as individuals was not a jurisdictional defect, and *City of Portland v. Smith,* 75 Or App 38, 41, 705 P2d 205, *rev den* 300 Or 545 (1985), where we held that the appeal was not subject to dismissal when "scrivener simply used the wrong form, which had the preprinted designation of the [incorrect] appellant." (Footnote omitted.)

Those cases are inapposite. A scrivener's error determination relates to minor defects in the text of the notice, not the manner of the purported service. An erroneous address on a letter intended to constitute service is not a such a scrivener's error.

We hold that, because the defect here defeats the essential purpose of service—that it be reasonably calculated to give notice—appellant did not obtain service in a timely fashion, and we affirm dismissal of his appeal.

Reconsideration allowed; previous order adhered to.

**ROSSMAN, P. J.,** dissenting.

I dissent.

Under these facts, I believe that appellant has met the requirements of ORS 19.028(2) and that the majority errs in dismissing his appeal. The statute requires, as pertinent:

> "Service of notice of appeal on a party, court reporter or the clerk of the trial court * * * may be accomplished by first class, registered or certified mail. The date of serving such notice shall be the date of mailing[.]"

There can be no question but that appellant timely mailed the

notice of appeal. Although the envelope had the wrong post office box, the post office correctly routed the copy, and it was *actually* received on the fifth day after mailing. What's the problem? The service accomplished precisely what the majority says any service must accomplish: It "apprise[d] the other party of the existence and pendency of the appeal and * * * afford[ed] a reasonable opportunity to appear and defend." 104 Or App at 212.

I understand the majority's concern that there exists the possibility that the object of service, *i.e.,* to apprise the other party of an appeal, may not be met if an incorrect post office box is on the envelope. Indeed, given the vagaries of our postal system, we have seen that that possibility exists, even with a correct address. If and when we are presented with the situation that concerns the majority, we can address it by evaluating the nature of the error and determining whether the purpose of service has been accomplished. In the meantime, let us focus on *this* case. The error here was simply clerical.[1] Respondent timely received notice. No one has been hurt. I earnestly suggest that we should get on with the appeal.

---

[1] The record makes it clear that the error was clerical. The notice of appeal gives the correct address for wife's attorney. The secretary's affidavit shows that what she did was inadvertently to type on the envelope the post office box of the Umatilla County Court Administrator and the Trial Court Reporter, both of whom were also mailed copies of the notice of appeal.