Argued and submitted May 6, order of Court of Appeals affirmed August 18, 2005

Audrey McCALL;
Hector McPherson; Michael E. Swaim;
James Lewis and Mark Tipperman,
*Respondents on Review,*

*v.*

Theodore R. KULONGOSKI;
Bill Bradbury and the State of Oregon
and its political subdivisions,
*Petitioners on Review,*

*and*

Stuart MILLER,
*Intervenor-below.*

LEAGUE OF OREGON CITIES;
Benton County; City of Beaverton;
City of Eugene; Junction City;
City of Veneta; Bev Stein; Vera Katz;
Multnomah County; City of Portland
and Washington County,
*Plaintiffs below,*

*v.*

STATE OF OREGON;
Theodore R. Kulongoski and Bill Bradbury,
*Defendants below.*

(CC 00C-19871, 00C-20156; CA A124384; SC S51960)

118 P3d 256

Mary H. Williams, Solicitor General, Salem, argued the cause for petitioners on review. With her on the briefs was Hardy Myers, Attorney General.

Thomas M. Christ, of Cosgrave Verger Kester LLP, Portland, argued the cause for respondents on review. With him on the briefs was Thomas W. Brown.

Megan A. Flynn, Portland, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

DE MUNIZ, J.

## DE MUNIZ, J.

This case involves the appellate jurisdiction of the Court of Appeals. As petitioner on review, the State of Oregon[1] (state) seeks reversal of a Court of Appeals order dismissing the state's appeal in this matter.[2] For the reasons that follow, we affirm the Court of Appeals order.

The facts are undisputed. In 2004, plaintiffs McCall, McPherson, Swaim, Lewis, and Tipperman (plaintiffs) sought an award of attorney's fees from the trial court after successfully challenging a state-defended ballot measure adopted four years earlier. The trial court entered a supplemental judgment awarding plaintiffs their requested fees on March 12, 2004, and on April 12, 2004, the state handdelivered a timely notice to the state court administrator appealing that judgment.[3]

The state attempted to serve plaintiffs with notice of its appeal by mailing a copy of the appeal notice to plaintiffs' legal counsel. In doing so, however, the state sent the document to the wrong address. More than one year earlier, plaintiffs' law firm had relocated its Portland office from 121 SW Morrison Street to 805 SW Broadway. Shortly before that move took place, the firm had sent a letter to the state's lawyers notifying them of the firm's address change, effective March 3, 2003. After that time, the state had consistently mailed documents to the firm's new address in the course of

---

[1] John Kitzhaber was Governor of Oregon when this action was commenced and, in that official capacity, was named as a party in this case by plaintiffs, along with the state and its political subdivisions. Theodore Kulongoski now holds the office of Governor and was automatically substituted as a party here pursuant to ORCP 34 F(1) (providing for automatic substitution of public officer's successor) and ORAP 8.05(1) (adopting ORCP 34).

[2] The exact nature of the issues raised in the underlying case are not material to this proceeding.

[3] A notice of appeal must be served and filed within 30 days after the trial court has entered the judgment to be appealed from into its register. ORS 19.255(1). That period does not include the day on which the period begins to run, but does include its last day, unless that day is one in which an appellate court is closed for the purposes of filing documents with the court. In that case, filing and service must be accomplished by the next day the court is open. ORS 174.120(3). Here, the thirtieth day of the filing period was on Sunday, April 11, 2004. As a result, the state's filing deadline became the next judicial day, Monday, April 12.

the parties' litigation. For reasons that remain unclear,[4] the state directed the notice of appeal at issue here to the law firm's former address.

In spite of the incorrect mailing address, the post office delivered the notice of appeal to plaintiffs' lawyers. The notice arrived at the firm's SW Broadway offices 32 days after the trial court had entered its supplemental judgment and one day after the statutory time period for filing and serving the notice of appeal had lapsed.

Plaintiffs subsequently moved to dismiss the state's appeal as untimely. Citing the Court of Appeals opinion in *Harris and Harris*, 104 Or App 209, 799 P2d 699 (1990), plaintiffs argued that a notice of appeal is not properly served—thereby triggering the requirement that the appeal be dismissed for lack of jurisdiction—when it is mailed to a wrong address. In doing so, plaintiffs relied on the following passage from *Harris*, which drew parallels between the service of appeal notices and the service of summons under ORCP 7 D:[5]

"If service by mail of a notice of appeal is to be an adequate substitute for personal service, it must, as with other types of service, be reasonably calculated to apprise the other party of the existence and pendency of the appeal and to afford a reasonable opportunity to appear and defend. *See, e.g.*, ORCP 7 D(1). A wrong zip code with an otherwise correct address, as occurred in *Kahl* [*v. SAIF*, 86 Or App 203, 738 P2d 999 (1987)] is reasonably calculated to give that type of notice, because the claimant's notice likely would have been delivered to the proper addressee. That probability does not exist when an address contains the wrong post office box or when personal service is on the wrong individual or substituted service is made by leaving a summons and complaint at the wrong address. *See* ORCP

---

[4] In addition to the change-of-address notice that plaintiffs' lawyers had sent to the state, the trial court also had provided the state with the law firm's correct address as part of the supplemental money judgment awarded to plaintiffs.

[5] ORCP 7 provides the controlling framework for service of a summons. In particular, ORCP 7 D(1) provides, in part:

"Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

7 D(2)(b). Indeed, in those situations there is the possibility that the intended individual will never receive notice of any pending proceedings."

104 Or App at 212-13. Plaintiffs went on to argue that, in any event, service of the appeal notice was late, having arrived one day after the deadline for service had expired.

The Court of Appeals agreed with plaintiffs. Citing *Harris*, as well as *Paschall v. Crisp*, 138 Or App 618, 910 P2d 407 (1996), another case that turned on the application of ORCP 7, the Court of Appeals entered an order dismissing the state's appeal. The order stated:

"Respondents have moved to dismiss the appeal for lack of jurisdiction on the ground that appellants did not timely serve a copy of the notice of appeal on respondents. The defect in service arose because appellants mailed respondents' service copy of the notice of appeal to respondents' law firm's former office address even though appellants were on notice and actually knew of the law firm's new address. Notwithstanding the incorrect address, reponents' law firm received the service copy, but not until the day after the appeal period expired.

"The motion is granted. *Harris and Harris*, 104 Or App 209, 799 P2d 699 (1990) (court lacked jurisdiction of appeal where appellant mailed respondent's service copy of the notice of appeal to the post office box for the trial court administrator); *see also Paschall v. Crisp*, 138 Or App 618, 910 P2d 407 (1996) (mailing copy of summons and complaint to address at which plaintiff knows defendant no longer resides is not a manner of service reasonably calculated to provide defendant with notice of the action).

"Appeal dismissed."

This court subsequently allowed the state's petition for review to consider the statutory requirements for mail service of appeal notices and their concomitant effect on appellate court jurisdiction in Oregon.

■ On review, the state first argues that the Court of Appeals erroneously imported the notice standard set forth in ORCP 7 D into the requirements for serving notices of appeal. To consider that proposition, we examine both ORCP 7 D and the statutes describing the process for serving

notices of appeal under the now-familiar methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993); *see also State ex rel Turner v. Frankel*, 322 Or 363, 372-76, 908 P2d 292 (1995) (analyzing statutes and procedural rules governing discharges of juries under *PGE* to determine whether respective schemes were "procedurally connected").

ORCP 7 sets forth the requirements for proper service of summons. Meeting those requirements is a critical part of any civil action because, when a summons is correctly served, the court having jurisdiction over the subject matter of the action also attains personal jurisdiction over the party served. *See* ORCP 4 (state court having subject matter jurisdiction over an action attains personal jurisdiction over party served with a summons when service accomplished pursuant to ORCP 7). As one of its chief requirements, the rule requires that a summons be served in a manner "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." ORCP 7 D(1).

The statutes controlling service of appeal notices, however, are separate and distinct from the statutes controlling the service of summonses. That is because the act of filing and serving a notice of appeal fulfills a different purpose than a service of summons. While the latter grants a trial court personal jurisdiction over the party served, the former gives an appellate court jurisdiction over the issue on appeal, to the exclusion of the lower court. *State v. Branstetter*, 332 Or 389, 403, 29 P3d 1121 (2001). It is not surprising, then, that different statutes also control service for that part of the appellate process. Although the statutes devoted to Oregon appeals—set out in ORS chapter 19—ultimately refer readers to provisions in the Oregon Rules of Civil Procedure for the correct procedures regarding appellate service, those provisions are not found in ORCP 7. Instead, ORS 19.500 mandates that appellate service be carried out according to ORCP 9 B. ORS 19.500 provides:

> "Except as otherwise provided in this chapter, when any provision of [ORS chapter 19] requires that a paper be

served and filed, *the paper shall be served in the manner provided in ORCP 9 B* on all other parties who have appeared in the action, suit or proceeding and who are not represented by the same counsel as the party serving the paper, and shall be filed, with proof of service indorsed thereon, with the trial court administrator."

(Emphasis added.)

The preceding discussion demonstrates that service of appeal notices falls under ORCP 9 B, not ORCP 7. Although the Court of Appeals did not specifically invoke ORCP 7 in its order, the cases that it cited either turned solely on that provision or expressly imported the notice standard of ORCP 7 D to serve as a defining rationale. As a result, we must conclude that, to the extent that a specific ground for dismissing the state's appeal is evident from the Court of Appeals order here, it appears that the Court of Appeals erroneously relied on ORCP 7, rather than ORCP 9 B, as the basis for its action.

■   We now turn to a determination whether the order of dismissal at issue here nevertheless was correctly entered. To facilitate that inquiry, a brief statutory overview regarding the service of appeal notices is necessary.

Under ORS 19.240, a key component in the process of commencing an appeal requires serving appellate notice on the entities designated by statute to receive notice. Among those entities are the parties that previously have appeared in the action:

"(1)   An appeal to the Court of Appeals shall be taken in the manner prescribed in this chapter.

"(2)   The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.250, to be served:

"(a)   *On all parties who have appeared in the action, suit or proceeding*[.]"

(Emphasis added.) One method of serving parties with notice is by mail. ORS 19.260(2) provides, in part:

"*Service of notice of appeal on a party * * * may be accomplished by first class, registered or certified mail. The date of serving such notice shall be the date of mailing.* Proof

of mailing shall be certified by the party filing the notice and filed thereafter with the court to which the appeal is taken."

(Emphasis added.) ORS 19.270(2)(a), in turn, highlights the overall importance of the notice process in the scheme of appellate procedure. The statute makes clear that serving notice of an appeal is a jurisdictional requirement that cannot be waived or extended:

"(2)   The following requirements of ORS 19.240, 19.250 and 19.255 are jurisdictional and may not be waived or extended:

"(a)   Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.240(2)(a), within the time limits prescribed by ORS 19.255."

In examining appellate notice in the context of mail service, however, it is important to recognize that ORS 19.260(2) only encompasses the fact that appellate notice can be accomplished by mail and that the date of service is the date of mailing. The statute does not set forth *how* notice must be accomplished.

As noted above, ORS 19.500 expressly refers to ORCP 9 B as the source of law for the "manner" in which a notice of appeal must be served. Among other things, ORCP 9 B requires that appeal notices served by mail be addressed to the party's or attorney's last known address:

"Whenever under these rules service is required or permitted to be made upon a party, and that party is represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court. *Service upon the attorney or upon a party shall be made by delivering a copy to such attorney or party, by mailing it to such attorney's or party's last known address* or, if the party is represented by an attorney, by telephonic facsimile communication device as provided in section F of this rule. * * * Service by mail is complete upon mailing. * * *"

(Emphasis added.)

Several key points emerge from the statutes discussed above. The first, of course, is that serving the proper parties with a notice of an appeal is a jurisdictional requirement. For the purposes of ORS chapter 19, the Court of Appeals has no authority to consider a prospective appellant's appeal without such service. The second is that the statutory text that controls how such service must be accomplished is framed, for the most part, in mandatory terms. Under ORS 19.240, appeals "shall be" taken by serving notices of appeal on the parties. Under ORS 19.500, such service "shall be" performed in the manner provided by ORCP 9. And under ORCP 9, mail service—the type of service at issue here—"shall be" accomplished by mailing a copy of an appeal notice to the last known address of a party or the party's lawyer.

When read together, the applicable statutes illustrate that the legislature intended to premise appellate jurisdiction under ORS chapter 19 on proper service of notice, and they also underscore the fact that the legislature created a mandatory procedure for effectuating such service. As part of that procedure, appeal notices served by mail must be addressed to a party or a lawyer's last known address. That did not occur in this case. Although ORCP 9 B provides that mail service of appellate notices are accomplished upon mailing, this court's cases make clear that those mailings must nevertheless take place in the manner designated by statute. As this court stated in *Mullens v. L. Q. Development*, 312 Or 599, 605, 825 P2d 1376 (1992):

"Under our statutory scheme, the timeliness of service of a notice of appeal is tested by the date on which the notice of appeal is *mailed in a manner permitted by statute, ORS [19.260[6]], not by the date on which a responding party receives* the notice of appeal. That rule long has been a part of Oregon's procedural law."

(Emphasis added.) Here, when the state attempted mail service of its notice of appeal and failed to send the notice to what it undisputedly had known for more than a year was the last known address of plaintiffs' lawyers, the state failed

---

[6] Originally, the statute recorded here was ORS 19.028. That statute was renumbered as ORS 19.260 in 1997.

to accomplish service in a manner permitted by statute. As a result, we hold that the Court of Appeals' decision to dismiss the state's appeal for failure to properly serve the notice on plaintiffs' lawyers was correct.

The state devotes a significant part of its brief to outlining the evolution of Oregon's requirements for appellate jurisdiction to argue that the legislature has not intended the procedure for establishing jurisdiction to be a difficult one. We agree. When ORCP 9 B service by mail is attempted upon a represented party, the rule's sole requirement calls for the sending party to mail a copy of the appeal notice to the last known address of opposing counsel; actual receipt is not even a factor under the rule. In our view, few things could be less difficult. Here, the state knew and utilized the new address of plaintiffs' lawyers for some time prior to mailing its notice of appeal to the law firm's former address. To the extent that a difficulty exits under those facts, it is not one produced by the statutory scheme or this court's interpretation of that statute.

The legislature is capable of shaping the law surrounding appellate jurisdiction in different ways when it deems it necessary. In establishing, for example, the requirements for appealing justice court criminal judgments under ORS 157.030, the legislature eliminated the nexus between appellate court jurisdiction and serving appellate notice. ORS 157.030(2) provides:

> "When the notice of appeal has been filed with the court from which the appeal is being taken, the appellate court shall have jurisdiction of the cause. *Failure to serve a notice of appeal on the appropriate attorney shall not preclude jurisdiction in the appellate court*[.]"

(Emphasis added.) The legislature is fully capable of instigating a similar regimen in ORS chapter 19, but it has yet to do so. As a result, we will not presume to insert into those statutes what the legislature has heretofore seen fit to omit. *See* ORS 174.010 (stating principle).

The order of the Court of Appeals is affirmed.