Argued and submitted June 20, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings August 3, 2006

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JAMES DONALD TANNEHILL,
*Petitioner on Review.*

(CC 0200246CR; CA A121217; SC S52929)

141 P3d 584

James N. Varner argued the cause and filed the brief for petitioner on review.

Seann C. Colgan, Assistant Attorney General, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

KISTLER, J.

**KISTLER, J.**

ORS 131.125 (2001)[1] sets out the limitation periods within which the state may commence criminal prosecutions. One paragraph of that statute provides that, at the latest, the state must commence a prosecution for third-degree sexual abuse either within four years of the abuse or, if the victim is under 18 years of age when the abuse occurs, within four years of the victim's eighteenth birthday. ORS 131.125(3)(a). Another paragraph provides an extended limitations period for certain offenses if the offense "is based upon misconduct in office by a public officer or employee[.]" ORS 131.125(7)(b). The question that this case presents is whether that extended limitations period applies to charges of third-degree sexual abuse.

Because this case arises on defendant's motion to dismiss, we take the facts from the record before the trial court when it ruled on the motion. In October 2002, the state indicted defendant for three counts of sexual abuse in the third degree and one count of tampering with a witness. The indictment alleged that each instance of sexual abuse occurred "on or between January 1, 1996 and March 25, 1996." It also alleged that the victim was under 18 years of age when the abuse occurred. Finally, it alleged that each count of sexual abuse "is based upon misconduct in office by a public officer and employee[.]"

Defendant filed a motion to dismiss the three sexual abuse counts. He contended that "[t]hese proceedings were not commenced within the statute of limitations provided for in ORS 131.125 for Sex Abuse in the Third Degree because ORS 131.125(7) does not, as a matter of law, apply to the offense of Sex Abuse in the Third Degree." Relying on an affidavit stating that the victim became 22 years of age on March 21, 2002, defendant argued that the state failed to commence the prosecution for third-degree sex abuse within the limitations period stated in ORS 131.125(3). He also argued that the extended limitations period set out in ORS 131.125(7)(b)

---

[1] The text of ORS 131.125 (2001) is attached as an Appendix to this opinion. All references to ORS 131.125 in this opinion are to the 2001 version of that statute.

for offenses "based upon misconduct in office by a public officer or employee" does not apply to the offense of third-degree sexual abuse.

The trial court denied defendant's motion to dismiss. Pursuant to ORS 135.335(3), defendant then entered a conditional guilty plea to one count of third-degree sexual abuse and one count of tampering with a witness. The trial court entered a judgment of conviction, and defendant appealed, reiterating his argument that the extended limitations period in paragraph (7)(b) does not apply to a charge of third-degree sexual abuse. The Court of Appeals affirmed without opinion. *State v. Tannehill*, 201 Or App 733, 122 P3d 143 (2005). We allowed review and now reverse.

ORS 131.125 specifies the limitations periods within which the state may commence a prosecution for various offenses. Subsection (1) of that statute states the limitations period for various types of homicide. Subsection (2) states the limitations period for certain specified felonies, and subsection (3) states the limitations period for certain specified misdemeanors, including sexual abuse in the third degree. Subsection (6) is a catch-all provision that states the limitations periods for "other offenses." It states, in part:

"(6)   Except as provided in subsection (7) of this section or as otherwise expressly provided by law, prosecutions for other offenses must be commenced within the following periods of limitations after their commission:

"(a)   For any other felony, three years.

"(b)   For any misdemeanor, two years.

"(c)   For a violation, six months."

Finally, subsection (7) provides that certain periods of limitation may be extended. It states, in part:

"(7)   If the period prescribed in subsection (6) of this section has expired, a prosecution nevertheless may be commenced as follows:

"(a)   If the offense has as a material element either fraud or the breach of a fiduciary obligation, prosecution may be commenced within one year after discovery of the offense * * *;

"(b)   If the offense is based upon misconduct in office by a public officer or employee, prosecution may be commenced at any time while the defendant is in public office or employment or within two years thereafter, but in no case shall the period of limitation otherwise applicable be extended by more than three years[.]"

The state did not commence the prosecution for sexual abuse in the third degree within the limitations period set out in ORS 131.125(3)(a). According to the indictment, the abuse occurred in 1996. The state, however, did not indict defendant for third-degree sexual abuse until October 2002, more than six years after the abuse allegedly occurred and approximately four and one-half years after the victim's eighteenth birthday.[2] Because the state failed to commence the prosecution within the limitations period set out in paragraph (3)(a), the prosecution will be timely only if the extended limitations period set out in paragraph (7)(b) applies.

■    Defendant advances two arguments in support of his claim that that extended limitations period does not apply to charges of third-degree sexual abuse. He argues initially that paragraph (7)(b) applies only when a person's status as a public officer or employee is an element of the charged offense. Alternatively, he argues that the extended limitations period set out in paragraph (7)(b) applies only to the periods of limitation that subsection (6) prescribes. Because we agree with defendant's alternative argument,[3] we need not reach his initial argument.

Defendant's alternative argument appears to follow directly from the wording of subsection (7). Subsection (7) begins by providing, "If the period prescribed in subsection (6) of this section has expired, a prosecution nevertheless may be commenced as follows[.]" It then sets out three instances in which an extended limitations period will apply,

---

[2] As noted, ORS 131.125(3)(a) provides that, at the latest, the state must commence a prosecution for sexual abuse in the third degree within either four years of the abuse or, if the victim is under 18 years of age when the abuse occurs, within four years after the victim's eighteenth birthday.

[3] The state contends that defendant failed to preserve his alternative argument. We conclude that, under the reasoning in *Gadda v. Gadda*, 341 Or 1, 136 P3d 1039 (2006), the argument is properly before us.

including when the charged offense is based on official misconduct. ORS 131.125(7).

The text of subsection (7) is unambiguous: The extended limitations periods set out in that subsection apply only when the limitations periods that subsection (6) prescribes have expired; conversely, the extended limitations periods set out in subsection (7) do *not* apply when the limitations periods that any subsection other than subsection (6) prescribes have expired.[4] In this case, subsection (3), not subsection (6), prescribes the limitations period within which the state may commence a prosecution for sexual abuse in the third degree. It follows that the state may not rely on paragraph (7)(b) to extend the time for commencing the prosecution for third-degree sexual abuse against defendant.

■ We turn to the appropriate disposition of this case. Defendant entered a guilty plea to one count of third-degree sexual abuse and one count of tampering with a witness. Because defendant has not challenged his conviction on the latter count, ordinarily we would reverse the conviction on the sexual abuse charge and affirm the conviction on the charge of tampering with a witness. This case, however, arises under ORS 135.335(3), which provides that a defendant who enters a conditional guilty plea and finally prevails on appeal "may withdraw the plea."[5]

Because the statute authorizes defendant to withdraw "the plea" that he entered and because defendant entered a single plea to two separate counts, the text appears to permit him to withdraw the entire plea rather than only

___

[4] The state argues that subsection (7) is ambiguous. Beginning from that premise, it then argues that it would advance the purpose of that subsection to apply it to the limitations periods that subsections (2) and (3) prescribe, in addition to the limitation periods prescribed by subsection (6). Although the state makes several thoughtful arguments in support of its position, none persuades us that an ambiguity exists that would allow us to apply the extended limitations periods in subsection (7) to any limitation period other than those prescribed by subsection (6).

[5] ORS 135.335(3) provides:

"With the consent of the court and the state, a defendant may enter a conditional plea of guilty or no contest reserving, in writing, the right, on appeal from the judgment, to a review of an adverse determination of any specified pretrial motion. A defendant who finally prevails on appeal may withdraw the plea."

part of it. The context points in the same direction. It authorizes a defendant to enter a "plea" to an indictment. ORS 135.355. It recognizes that a plea may be the result of a plea agreement that recommends either dismissal of some counts or reduced sentences on others. ORS 135.405. Finally, ORS 135.390(4)(b) permits a defendant to "withdraw the plea" if the parties have entered into an agreement with an "agreed disposition recommendation" but the trial court finds the agreed disposition recommendation inappropriate.

ORS 135.390(4)(b), as well as the other statutes, recognize that a single guilty plea may embody a series of interrelated concessions between the parties and allows the defendant to withdraw the entire plea when one part of the agreement fails. That context suggests that, when the legislature used the phrase "withdraw the plea" in ORS 135.335(3), it also intended to permit the defendant to withdraw the entire plea if the premise underlying one part of the plea (in this case the state's ability to prosecute defendant for third-degree sexual abuse) turns out not to be valid.

Although the text and context point in one direction, we cannot say that the meaning of ORS 135.335(3) is so clear that we need not look to the legislative history to determine the legislature's intent. That history, however, sheds no light on this issue, and we are left to determine how the legislature would have resolved the issue if it had considered it. *See Carlson v. Myers*, 327 Or 213, 226, 959 P2d 31 (1998) (stating that inquiry); *State v. Gulley*, 324 Or 57, 66, 921 P2d 396 (1996) (same). On that point, we draw guidance from the statutes that we previously have discussed authorizing the parties to enter into a plea bargain and the courts to accept the resulting plea.

Those statutes recognize that a plea often results from an agreement between the parties in which, "in return for the defendant's admission of guilt on some or all of the charged offenses, the state agrees either to dismiss some of the charges or to recommend a reduced sentence." *See Gonzalez v. State of Oregon*, 340 Or 452, 457, 134 P3d 955 (2006) (describing plea process). Interpreting the phrase "the plea" in ORS 135.335(3) as the entire plea gives effect both to

the wording of ORS 135.335(3) and to the legislature's recognition of the interrelated concessions that often underlie a plea. It permits the defendant to withdraw the entire plea and rescind the agreement if one of the premises on which the parties entered into the plea agreement is no longer valid. *See Rise v. Board of Parole*, 304 Or 385, 392-93, 745 P2d 1210 (1987) (recognizing that rescission is one remedy for failed plea agreement); *Santobello v. New York*, 404 US 257, 263 n 2, 92 S Ct 495, 30 L Ed 2d 427 (1971) (recognizing that withdrawing plea rescinds agreement). We conclude that, having prevailed finally on appeal, defendant may withdraw the plea that he entered to one count of third-degree sexual abuse and one count of tampering with a witness.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

## APPENDIX

ORS 131.125 (2001) provides:

(1) A prosecution for aggravated murder, murder, attempted murder or aggravated murder, conspiracy or solicitation to commit aggravated murder or murder or any degree of manslaughter may be commenced at any time after the commission of the attempt, conspiracy or solicitation to commit aggravated murder or murder, or the death of the person killed.

(2) A prosecution for any of the following felonies may be commenced within six years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 24 years of age or within six years after the offense is reported to a law enforcement agency or other governmental agency, whichever occurs first:

(a) Criminal mistreatment in the first degree under ORS 163.205.

(b) Rape in the third degree under ORS 163.355.

(c) Rape in the second degree under ORS 163.365.

(d) Rape in the first degree under ORS 163.375.

(e) Sodomy in the third degree under ORS 163.385.

(f) Sodomy in the second degree under ORS 163.395.

(g) Sodomy in the first degree under ORS 163.405.

(h) Unlawful sexual penetration in the second degree under ORS 163.408.

(i) Unlawful sexual penetration in the first degree under ORS 163.411.

(j) Sexual abuse in the second degree under ORS 163.425.

(k) Sexual abuse in the first degree under ORS 163.427.

(L) Using a child in a display of sexual conduct under ORS 163.670.

(m) Encouraging child sexual abuse in the first degree under ORS 163.684.

(n) Incest under ORS 163.525.

(o) Promoting prostitution under ORS 167.012.

(p) Compelling prostitution under ORS 167.017.

(3) A prosecution for any of the following misdemeanors may be commenced within four years after the commission of the crime or, if the victim at the time of the crime was under 18 years of age, anytime before the victim attains 22 years of age or within four years after the offense is reported to a law enforcement agency or other governmental agency, whichever occurs first:

(a) Sexual abuse in the third degree under ORS 163.415.

(b) Furnishing obscene materials to minors under ORS 167.065.

(c) Sending obscene materials to minors under ORS 167.070.

(d) Exhibiting an obscene performance to a minor under ORS 167.075.

(e) Displaying obscene materials to minors under ORS 167.080.

(4) In the case of crimes described in subsection (2)(L) of this section, the "victim" is the child engaged in sexual conduct. In the case of the crime described in subsection (2)(n) of this section, the "victim" is the party to the incest other than the party being prosecuted. In the case of crimes described in subsection (2)(o) and (p) of this section, the "victim" is the child whose acts of prostitution are promoted or compelled.

(5) A prosecution for arson in any degree may be commenced within six years after the commission of the crime.

(6) Except as provided in subsection (7) of this section or as otherwise expressly provided by law, prosecutions for other offenses must be commenced within the following periods of limitations after their commission:

(a) For any other felony, three years.

(b) For any misdemeanor, two years.

(c) For a violation, six months.

(7) If the period prescribed in subsection (6) of this section has expired, a prosecution nevertheless may be commenced as follows:

(a) If the offense has as a material element either fraud or the breach of a fiduciary obligation, prosecution may be commenced within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is not a party to the offense, but in no case shall the period of limitation otherwise applicable be extended by more than three years;

(b) If the offense is based upon misconduct in office by a public officer or employee, prosecution may be commenced at any time while the defendant is in public office or employment or within two years thereafter, but in no case shall the period of limitation otherwise applicable be extended by more than three years; or

(c) If the offense is an invasion of personal privacy under ORS 163.700, prosecution may be commenced within one year after discovery of the offense by the person aggrieved by the offense, by a person who has a legal duty to represent the person aggrieved by the offense or by a law enforcement agency, but in no case shall the period of limitation otherwise applicable be extended by more than three years.

(8) Notwithstanding subsection (2) of this section, a prosecution for rape in the first or second degree or sodomy in the first or second degree may be commenced within 12 years after the commission of the crime if the defendant is identified after the period described in subsection (2) of this section on the basis of DNA (deoxyribonucleic acid) sample comparisons.