Argued and submitted March 6, decision of Court of Appeals reversed; petitioner's appeal reinstated, and case remanded to Court of Appeals for further proceedings June 8, 2006

Kathleen GADDA,
*Respondent on Review,*

*v.*

Marc V. GADDA,
*Petitioner on Review.*

(CC DR0111242; CA A123921; SC S52228)

136 P3d 1099

Janet M. Schroer, of Hoffman, Hart & Wagner, LLP, Portland, argued the cause for petitioner on review. With her on the briefs was Cecil A. Reniche-Smith.

Thomas A. Bittner, of Schulte, Anderson, Downes, Aronson & Bittner, PC, Portland, argued the cause for respondent on review. With him on the briefs was Michael J. Fearl.

DE MUNIZ, C. J.

**DE MUNIZ, C. J.**

This case requires us to determine whether an appellant "delivered" a notice of appeal, pursuant to ORCP 9 B, sufficient to provide the Court of Appeals with appellate jurisdiction. The Court of Appeals held that husband, the appellant, failed to serve the notice of appeal and dismissed for lack of jurisdiction. For the reasons outlined below, we conclude that husband timely served the notice of appeal. We therefore reverse the decision of the Court of Appeals and reinstate the appeal.

The relevant facts are as follows. In mid-November 2003, attorney Phil Cobb began representing Kathleen Gadda (wife) in this case. Following trial, Barbara Aaby, the attorney for Marc Gadda (husband), prepared a general judgment, which named Cobb as wife's attorney. On behalf of wife, Cobb filed objections to the form of the proposed general judgment. On December 30, 2003, attorney Thomas Bittner filed a notice of substitution of counsel for wife, replacing attorney Cobb. That same day, Bittner also sent a copy of the notice of substitution to husband's attorney, Aaby. On January 14, 2004, the trial court entered the general judgment, which listed Cobb as wife's attorney. Husband filed a motion for a new trial. On February 2, 2004, the court denied husband's motion for a new trial.

Under ORS 19.255, husband had 30 days from February 2, 2004 (until March 3, 2004), within which to serve and file a notice of appeal of the trial court's judgment. On February 24, 2004, husband retained attorney Mark Johnson to represent him on appeal. Two days later, Johnson filed a notice of appeal and mailed a service copy to Cobb. On February 27, 2004, Cobb mailed a letter to Bittner at his office, enclosing a copy of the notice of appeal. Bittner's office date-stamped that letter as "received" on March 1, 2004, two days prior to the deadline for husband to serve the notice of appeal on wife.

After the deadline had passed, wife moved to dismiss husband's appeal. Wife argued that husband had failed to serve wife or her correct attorney within the statutory time limit. Wife argued that, because timely service of the notice of

appeal is a jurisdictional requirement, the Court of Appeals was without jurisdiction to hear the appeal. Husband opposed the motion and argued that service had been sufficient to apprise wife of the appeal, despite the error in mailing the notice to Cobb instead of Bittner. As noted, the Court of Appeals agreed with wife and dismissed the appeal.

Husband petitioned this court for review. We held that petition in abeyance pending our decision in *McCall v. Kulongoski*, 339 Or 186, 118 P3d 256 (2005). On August 18, 2005, the court issued the opinion in *McCall*, holding as follows:

"When ORCP 9 B service by mail is attempted upon a represented party, the rule's sole requirement calls for the sending party to mail a copy of the appeal notice to the last known address of opposing counsel; actual receipt is not even a factor under the rule."

*McCall*, 339 Or at 196. After issuing that decision, we allowed husband's petition for review.

We begin by setting forth in detail the statutes and rules applicable to this case. Civil appeals in this state are governed by ORS chapter 19. ORS 19.240 states:

"(1)   An appeal to the Court of Appeals shall be taken in the manner prescribed in this chapter.

"(2)   The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.250, to be served:

"(a)   On all parties who have appeared in the action, suit or proceeding;

"(b)   On the trial court administrator; and

"(c)   On the trial court transcript coordinator if a transcript is designated in connection with the appeal.

"(3)   The original of the notice with proof of service indorsed thereon or affixed thereto shall be filed with the Court of Appeals."

ORS 19.255 requires service and filing of the notice of appeal within 30 days after entry of judgment or, if a motion for a new trial is filed, within 30 days after entry of the order disposing of the motion. ORS 19.270(2) provides:

"The following requirements of ORS 19.240, 19.250 and 19.255 are jurisdictional and may not be waived or extended:

"(a)     Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.240(2)(a), within the time limits prescribed by ORS 19.255[;]

"(b)     Filing of the original of the notice of appeal with the Court of Appeals as provided in ORS 19.240(3), within the time limits prescribed by ORS 19.255."

ORS 19.500 dictates how papers must be served:

"Except as otherwise provided in this chapter, when any provision of this chapter requires that a paper be served and filed, the paper shall be served in the manner provided in ORCP 9 B on all parties who have appeared in the action, suit or proceeding and who are not represented by the same counsel as the party serving the paper, and shall be filed, with proof of service indorsed thereon, with the trial court administrator."

ORCP 9 B, in turn, provides that, if a party is represented by an attorney, service shall be upon the attorney. That rule also provides three options for service:

"Service upon the attorney or upon a party shall be made by delivering a copy to such attorney or party, by mailing it to such attorney's or party's last known address or, if the party is represented by an attorney, by telephonic facsimile communication device as provided in section F of this rule."

ORCP 9 B also defines delivery:

"Delivery of a copy within this rule means: handing it to the person to be served; or leaving it at such person's office with such person's clerk or person apparently in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at such person's dwelling house or usual place of abode with some person over 14 years of age then residing therein."

■     Before we can address the merits of husband's argument in this court, we first must determine whether husband

has preserved the argument that he now advances. Husband's initial petition for review framed the legal question as whether service was timely when a party attempted to serve the notice of appeal by mail on the responding party's attorney, but mistakenly mailed the notice to an attorney who had withdrawn, and the current attorney actually received the notice within the 30-day statutory time period. As husband concedes, our decision in *McCall* has foreclosed his argument based on service by mail.

That is not the end of the matter, however. Following our decision in *McCall*, husband filed a supplemental memorandum in support of his petition for review. In that supplemental memorandum, husband reframed the legal question as follows:

> "[W]hether the jurisdictional requirement discussed in *McCall* is satisfied if the notice of appeal is *actually delivered* to the proper recipient within the statutory time period, regardless of how that delivery was initiated."

(Emphasis added.) In his brief on the merits in this court, husband again focuses on whether service is proper when the notice of appeal is "*actually delivered to and received by* the adverse party's current attorney within the statutory 30-day period in which to file and serve notice of appeal." (Emphasis added.) Wife contends that husband's reliance on service by delivery is prohibited because husband failed to argue that service was accomplished via delivery in his initial petition for review or before the Court of Appeals.

Wife relies on ORAP 9.17(2)(b)(i), which prohibits a petitioner from raising additional questions or changing the substance of the questions presented in the petition for review. As we noted above, however, husband's supplemental memorandum raised the issue of delivery, although his initial petition for review did not. We note also that, in both petitions for review, husband raised the issue of actual receipt of the notice of appeal. We therefore conclude that husband's brief on the merits does not run afoul of ORAP 9.17(2)(b)(i).

Wife also relies on ORAP 5.45(1), which provides, in part:

"No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the face of the record."

Husband contends that, because he argued actual receipt before the Court of Appeals, he adequately preserved this argument. Husband relies on this court's decisions in *State v. Hitz*, 307 Or 183, 188-89, 766 P2d 373 (1988), and *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997). In *Hitz*, the court distinguished "between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*," and explained that "[t]he first ordinarily is essential, the second less so, the third least." *Hitz*, 307 Or at 188 (emphasis in original). In deciding to reach the allegedly unpreserved claim of error in that case, this court noted that the opposing party "was not ambushed or misled or denied an opportunity to meet [the] argument." *Id.* at 189.

In *Stull*, this court applied the holding in *Hitz* and allowed a plaintiff to raise an argument for the first time in this court, where the plaintiff had raised a broader legal issue below. *Stull*, 326 Or at 76-77. In that case, the defendants had raised a statute of limitations defense in the trial court. *Id.* at 75-76. Before the trial court and the Court of Appeals, the plaintiff had offered one argument in response; before this court, she offered an additional argument. *Id.* at 76-77. This court held that plaintiff had raised the broad statute of limitations issue and further explained that, "[i]n construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *Id.* at 77.

Here, the broad legal issue is whether husband accomplished service by a legally sufficient means. Whether husband successfully accomplished service of the notice of appeal by mail or by delivery are alternative arguments encompassed by that broader legal issue. Moreover, the same two sources of law are at issue in both arguments: ORS 19.240 and ORCP 9 B. In addition, with the issue tendered to us, we are obligated to construe the applicable statute correctly. Finally, as in *Hitz*, wife had an opportunity to meet

husband's argument in her responding brief on the merits. We conclude that the issue is preserved sufficiently for our review.

■     We now turn to the merits of husband's arguments. Husband concedes that, under this court's decision in *McCall*, his attempt to serve wife by mail was ineffective. Husband does not contend that he served the notice of appeal by facsimile. Therefore, the only issue presented in this case is whether husband served the notice of appeal via "delivery" under ORCP 9 B.

As noted above, ORCP 9 B includes a definition of "delivery." Of the four delivery options listed in that rule, husband contends that the notice of appeal was left "at such person's office with such person's clerk or person apparently in charge thereof" or "in a conspicuous place therein." Specifically, husband argues that Cobb's act of forwarding the notice of appeal to Bittner and the postal service's timely delivery of Cobb's letter and accompanying notice to Bittner's office constituted "leaving it at such person's office." Husband further argues that the "received" stamp, dated March 1, 2004, on Cobb's transmittal letter to Bittner demonstrates that Bittner's office actually received the notice of appeal within the 30-day time limit.

We agree that the date stamp is sufficient to show that someone left the notice of appeal at Bittner's office within the required time period.[1] Because that someone was neither husband nor husband's agent, we must analyze whether the applicable statutes or rules require that appellant or appellant's agent deliver the notice of appeal.

We begin our analysis with two observations. First, ORCP 9 B does not specify *who* must "leave" the document to be served at one of the locations listed in the rule. Second, the general provision in ORCP 9 B relating to service is phrased in the passive voice: "Service upon the attorney or upon a party *shall be made* by delivering a copy to such attorney or party[.]" (Emphasis added.)

---

[1] During oral argument, wife conceded that the "received" date stamp gave rise to a "fair inference" that the notice of appeal had arrived at Bittner's office within the statutory time period.

Despite those two observations, wife argues that ORCP 9 B required husband or husband's agent to deliver the notice of appeal. To determine whether wife's argument is correct, we apply the usual methodology of statutory construction and first look to the text and context of ORCP 9 B. *See Stevens v. Czerniak*, 336 Or 392, 400-01, 84 P3d 140 (2004) (applying that methodology, as described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P3d 1143 (1993), to interpretation of rules of civil procedure). That inquiry includes an examination of the text and context of the rule, including other provisions of the same rule, related statutes, and federal counterparts of the Oregon rules. *Stevens*, 336 Or at 401. In statutory construction, we are not permitted to "insert what has been omitted, or to omit what has been inserted." ORS 174.010.

Husband contends that, because ORCP 9 B mandates many aspects of service, the absence in the text of ORCP 9 B of any mandate prescribing *who* must make delivery demonstrates that the drafters of that rule did not intend to limit who can act as a deliverer. Husband also points out that, if the drafters of ORCP 9 B had wanted to mandate who must deliver (or serve) the document at issue, then that rule would contain language similar to that in ORCP 7 E, which outlines who may serve a summons.[2] Husband relies on a Court of Appeals decision that noted that ORCP 9 B is written in the passive voice and concluded that that rule does not restrict who may deliver the paper to be served. *McKinney and McKinney*, 201 Or App 721, 731, 120 P3d 921 (2005). That decision also suggested that, where mail service was defective, a postal service employee could accomplish "delivery" within the meaning of ORCP 9 B. *Id.*

In response, wife asserts that ORAP 1.35 determines who must deliver the notice of appeal. That rule describes filing and service in the Supreme Court or the Court of Appeals.

---

[2] ORCP 7 E provides, in part:

"A summons may be served by any competent person 18 years of age or older who is a resident of the state where service is made or of this state and is not a party to the action nor, except as provided in ORS 180.260, an officer, director, or employee of, nor attorney for, any party, corporate or otherwise."

As for service, the rule states that "[a] copy of any thing delivered for filing under these rules must also be served *by the party or attorney* delivering it to the other parties to the cause." ORAP 1.35(2)(a) (emphasis added). Husband contends that ORAP 1.35 is inapplicable because the rule itself applies to things filed "under these rules," and a notice of appeal is filed pursuant to statute. We disagree with husband's contention that the Oregon Rules of Appellate Procedure do not apply to notices of appeal. The Oregon Rules of Appellate Procedure "apply to all proceedings in the Supreme Court and Court of Appeals." ORAP 1.05. In fact, an entire section of those rules is entitled "Notice of Appeal." Nevertheless, because the requirements of ORAP 1.35 are not among the jurisdictional requirements outlined in ORS 19.270(2), ORAP 1.35(2)(a) does not control whether an appellate court must dismiss an appeal where someone other than the appellant (or the appellant's agent) delivers the notice of appeal.

Instead, we look to the statutes governing notices of appeal, rather than to the Oregon Rules of Appellate Procedure. As noted earlier, ORS 19.270 provides that service of the notice of appeal "as provided in ORS 19.240(2)(a)" is a jurisdictional requirement. ORS 19.240(2)(a) states that "[t]he appeal *shall* be taken *by causing a notice of appeal*" to be served on all parties who have appeared in the proceeding. (Emphasis added.) That mandate, like that in ORCP 9 B, is written in the passive voice. It is clear, however, that *someone* must cause the notice of appeal to be served. Because the statute applies to the party taking the appeal, we conclude that an appellant (or an appellant's agent) must "cause" the notice of appeal to be served.

ORS 19.270(2)(a) and ORS 19.240(2)(a) provide that timely service is a jurisdictional requirement. ORS 19.500 mandates that service be completed in accordance with ORCP 9 B. We construe the requirements of ORCP 9 B to be consistent with those of ORS 19.240(2)(a). Therefore, for service by delivery to be proper, an appellant or an appellant's agent must have acted to cause the delivery. The issue in this case becomes, then, did husband "cause" the notice of appeal to be left at Bittner's office?

The verb "to cause" is broadly defined: "to serve as cause or occasion of: bring into existence: make." *Webster's Third New Int'l Dictionary* 356 (unabridged ed 2002). Based on that broad definition, we conclude that husband did cause the notice of appeal to be delivered to Bittner's office within the statutory time frame. Husband mistakenly mailed the notice of appeal to wife's former attorney, Cobb. Cobb then forwarded the notice of appeal to wife's current attorney, Bittner. Cobb's involvement in causing the notice of appeal to arrive at the proper place within the required time period did not prevent delivery under ORCP 9 B. Although husband neither personally delivered the notice of appeal to Bittner's office nor hired an agent to deliver it, husband's act of mailing the notice of appeal to Cobb led directly to the delivery of the notice of appeal to Bittner's office.

Nevertheless, wife argues that husband's proof of service stating that service occurred by mail to Cobb's office defeats husband's contention that he served Bittner. Wife relies on ORAP 1.35 and ORAP 2.05. Those rules require that a notice of appeal include a "proof of service on all other parties who appeared in the trial court," ORAP 2.05(10)(a), and that such proof be either an "acknowledgment of service by the person served" or "a statement of the date of personal delivery or deposit in the mail and the names and addresses of the persons served, certified by the person who made service," ORAP 1.35(2)(d). Because Bittner did not sign an acknowledgment of service, wife contends that "the only way for husband to prove service is for the person who actually delivered the notice of appeal to certify when, where and how that delivery occurred."[3] We disagree that a proof of service is the *only* way to prove that service occurred. A proof of service is *evidence* that service occurred, but other evidence often is necessary to determine whether and when service occurred. *See, e.g., Murrieta v. Brewster*, 328 Or 434, 438, 981 P3d 330 (1999) (stating that a certificate of service "is not a verity, but it is sufficient to put a respondent to its proof that service did not occur"). In our view, that the proof of service in this case

---

[3] Wife assumes that her proof of service argument, if successful, would defeat jurisdiction. We do not share wife's assumption. Nevertheless, without deciding whether the issue wife raises is a jurisdictional one, we answer wife's argument on the merits.

indicated service by mail to wife's former attorney does not preclude service by delivery to wife's current attorney, especially in this case, where the evidence shows that service was actually accomplished. We therefore reject wife's argument.

The decision of the Court of Appeals is reversed. Petitioner's appeal is reinstated, and the case is remanded to the Court of Appeals for further proceedings.