Filed: September 20, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

ANN SACKS TILE AND STONE, INC.;
CANAC KITCHENS US LIMITED;
and KOHLER RENTAL POWER, INC.,

Plaintiffs-Appellants,

v.

DEPARTMENT OF REVENUE,
State of Oregon,

Defendant-Respondent.

(TC 4879; SC S060039)

En Banc

On appeal from the Oregon Tax Court.*

Henry C. Breithaupt, Judge.

On Motion to Determine Jurisdiction filed March 22, 2012.

Denise G. Fjordbeck, Assistant Attorney General, Salem, filed the motion and response for respondent. With her were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

James N. Westwood, Stoel Rives LLP, Portland, filed the response for appellants. With him were Robert T. Manicke and Eric J. Kodesch, Portland, and Hebert Odell, Philip Karter, and Steward Weintraub, Chamberlain, Ardlicka, White, Williams & Martin, West Conshohocken, Pennsylvania.

BALMER, C. J.

The appeal is dismissed.

*TC-RD 4879, 2011 WL 5967187 (Nov 29, 2011). General judgment entered December 19, 2011.

BALMER, C. J.

Three parties -- Ann Sacks Tile and Stone, Inc.; Canac Kitchen US Limited; and Koehler Rental Power, Inc. (taxpayers) -- appealed directly to this court from a general judgment against them by the Oregon Tax Court.  The Department of Revenue responded with a motion to determine jurisdiction, asking this court to determine whether a defect in the manner in which taxpayers had served their notice of appeal on the department deprived this court of authority to decide the appeal.  Taxpayers assert that the defects do not deprive this court of jurisdiction.  For the reasons that follow, we conclude that we lack jurisdiction.  Accordingly, we dismiss the appeal.

On December 19, 2011, the Tax Court entered a general judgment against taxpayers and in favor of the department.  (The substance of the Tax Court's ruling is not relevant to the jurisdictional question at issue.)  Taxpayers filed a notice of appeal with this court on January 13, 2012.  Regarding service, the notice of appeal stated that taxpayers had served the notice of appeal on the attorneys for the department by using the Oregon appellate court electronic filing system (eFiling system).[1]  The eFiling system includes a function to electronically serve eFiled documents on other attorneys who are registered with the system (eService).  *See* ORAP 16.45(2)(a) (so noting).  However,

---

[1] The notice of appeal asserts that taxpayers both filed and served the notice of appeal using the "Cm/ECF system."  That acronym refers to the electronic filing system used by the *federal* judiciary, the "Case Management/Electronic Case Filing" system.  *See* Case Management/Electronic Case Files, PACER, http://www.pacer.gov/cmecf/ (accessed Sept 11, 2012).  There is no dispute, however, that taxpayers actually used the Oregon appellate court electronic filing system.

parties are not permitted to use eService to serve "initiating documents," which are defined to include notices of appeal. ORAP 16.45(3) ("Parties who electronically file initiating documents must accomplish service conventionally."); ORAP 16.05(9) ("'Initiating document' means any document that initiates a case, including but not limited to a notice of appeal * * *."). In fact, the appellate court electronic filing system will not allow eService of initiating documents.

Also on January 13, taxpayers sent a courtesy copy of the notice of appeal, by e-mail, to the department's attorneys. The department concedes that its attorneys timely received the e-mail. Taxpayers apparently did not attempt to serve the notice of appeal by any other means before the time to complete service had expired.

On March 22, 2012, the department filed with this court a motion to determine jurisdiction. While the department acknowledged that it had received actual notice of the filing of the notice of appeal, it noted that timely service was jurisdictional and that the eService relied on by taxpayers was ineffective. Accordingly, the department asserted that a "substantial question" existed as to the court's jurisdiction over the appeal.

Taxpayers responded that the courtesy e-mail on January 13 qualified as service under the relevant statutes and rules. Alternatively, they maintained that they had substantially complied with jurisdictional requirements because the department's attorneys had actually received the e-mailed copy of the notice of appeal in a timely fashion.

We granted the department's motion to determine whether this court has

2

jurisdiction to hear this appeal and offered the parties an opportunity to further brief the question. Both parties declined to submit additional argument.

We begin our analysis of the jurisdictional question by first setting out the statutes requiring service of a notice of appeal. The appeal in this case is from a decision of the Oregon Tax Court. Although appeals from the Tax Court go directly to this court, they otherwise follow the same procedure as do appeals from a circuit court to the Court of Appeals. ORS 305.445.[2] The general appellate provisions of ORS chapter 19 thus govern the requirements for this notice of appeal.

Under those provisions, a notice of appeal must be served on all parties within 30 days after the date that the judgment at issue was entered. *See* ORS 19.240(2)(a) (requiring service); ORS 19.255(1) (establishing deadline).[3] Timely service

---

[2] ORS 305.445 provides, in part:

"The sole and exclusive remedy for review of any decision or order of the judge of the tax court shall be by appeal to the Supreme Court. * * * Such appeals, and the review of final decisions and final orders of the tax court, shall be in accordance with the procedure in actions at law on appeal from a circuit court, but without regard to the sum involved."

[3] ORS 19.240 provides, in part:

"(2) The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.250, to be served:

"(a) On all parties who have appeared in the action, suit or proceeding[.]"

ORS 19.255 provides, in part:

"(1) Except as provided in subsections (2) and (3) of this section, a

of the notice of appeal is necessary to this court's jurisdiction:

"(2) The following requirements of ORS 19.240, 19.250 and 19.255 are jurisdictional and may not be waived or extended:

"(a) Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.240(2)(a), within the time limits prescribed by ORS 19.255."

ORS 19.270(2)(a). *See also* ORS 19.270(1) (this court has jurisdiction "when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255").

Those statutes address the timeliness of service. In this case, however, it is the manner of service that is at issue. ORS 19.260(2) permits a notice of appeal to be served by mail (first class, registered, or certified), and that statute further provides that that form of service is effective on mailing.[4] Otherwise, service generally may be accomplished in the manner prescribed by ORCP 9 B. That conclusion derives from ORS 19.500, which provides in part that, "[e]xcept as otherwise provided in this chapter, when any provision of this chapter requires that a document be served and filed, the document shall be served in the manner provided in ORCP 9 B on all other parties who have appeared in the action, suit or proceeding[.]"

_____

notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register."

[4] ORS 19.260 provides, in part:

"(2) Service of notice of appeal on a party * * * may be accomplished by first class, registered or certified mail. The date of serving such notice shall be the date of mailing."

4

ORCP 9 B, in turn, provides for a number of alternative means by which a party may serve a document:

> "Service upon the attorney or upon a party shall be made by delivering a copy to such attorney or party, by mailing it to such attorney's or party's last known address or, if the party is represented by an attorney, by telephonic facsimile communication device or e-mail as provided in sections F or G of this rule."

Two of those prescribed methods of service are relevant in this case. One is by "delivering a copy" to the party or attorney. The rule defines "delivery of a copy" as follows:

> "Delivery of a copy within this rule means: handing it to the person to be served; or leaving it at such person's office with such person's clerk or person apparently in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at such person's dwelling house or usual place of abode with some person over 14 years of age then residing therein."

The other relevant means of service, if the party is represented by an attorney, is "by * * * e-mail as provided in section[] * * * G of this rule." The provisions of ORCP 9 G, however, limit the circumstances under which a party may serve a document by e-mail. Specifically, there must be a written agreement between the parties' attorneys allowing service by e-mail, as well as confirmation of receipt of the particular e-mail involved:

> "Service by e-mail *is prohibited* unless attorneys agree in writing to e-mail service. This agreement must provide the names and e-mail addresses of all attorneys and the attorneys' designees, if any, to be served. * * * Service is effective under this method when the sender has received confirmation that the attachment has been received by the designated recipient. Confirmation of receipt does not include an automatically generated message that the recipient is out of the office or otherwise

5

unavailable."

ORCP 9 G (emphasis added).

The department asserts -- and taxpayers do not dispute -- that the requirements of ORCP 9 G for service by e-mail have not been met: There is no written agreement between the attorneys for the department and the attorneys for taxpayers that allows service by e-mail. And, as we have already noted, the notice of appeal could not be served electronically by the appellate court eFiling system. *See* ORAP 16.45(3) (requiring conventional service for initiating documents). Taxpayers nevertheless offer two arguments why the courtesy copy of the notice of appeal that they e-mailed to the department was adequate to confer jurisdiction on this court. First, taxpayers contend that the e-mailed copy of the notice of appeal qualified as "service" under the general provisions regarding delivery in ORCP 9 B. Second, taxpayers maintain that the e-mailed courtesy copy constituted substantial compliance with the jurisdictional requirements because the attorneys for the department received the electronic version of the notice of appeal in a timely fashion.

Before we turn to the arguments that taxpayers raise, however, we note a preliminary issue that became apparent during our review of the relevant statutes. Although ORS 19.270(2)(a) specifically makes the *timeliness* of service jurisdictional, that statute does not cross-reference either ORS 19.260 or ORS 19.500, which govern the *manner* of service. Therefore, the possibility exists that the manner of service is not jurisdictional. As noted, the problematic issue in this case involves the manner of service. If the manner of service is not jurisdictional, then we need proceed no further in

6

considering the jurisdictional question.

This court's prior case law, however, leaves no doubt that appellate jurisdiction requires service of a notice of appeal in a particular manner. When the words in a statute have a well-defined legal meaning, we use that meaning in interpreting the statute. *E.g.*, *Gaston v. Parsons*, 318 Or 247, 253, 864 P2d 1319 (1994) ("[W]ords in a statute that have a well-defined legal meaning are to be given that meaning in construing the statute."). As this court explained in another case involving the manner of service of an initiating document in the appellate courts, the term "service" has a well-defined legal meaning that necessarily imports formal requirements as to the method by which that service occurs:

> "Service is '[t]he formal delivery of a writ, summons, or other legal process' or '[t]he formal delivery of some other legal notice, such as a pleading.' *Black's Law Dictionary* 1399 (8th ed 2004). In other words, service is the delivery of some sort of legal notice in some formal manner. * * * To serve is '[t]o make legal delivery of (a notice or process)' or '[t]o present (a person) with a notice or process as required by law.' *Id*. Implicit in that definition is the assumption of legal requirements as to *how* the delivery is to take place."

*Wal-Mart Stores, Inc. v. City of Central Point*, 341 Or 393, 398, 144 P3d 914 (2006) (emphasis and most alterations in original) (applying that definition to ORS 197.850(4) and concluding that Court of Appeals lacked jurisdiction over petition for judicial review of Land Use Board of Appeals order when petitioner had served petition by first-class mail, rather than by certified or registered mail as prescribed by statute). "When read together, the applicable statutes illustrate that the legislature intended to premise appellate jurisdiction under ORS chapter 19 on *proper* service of [the] notice [of appeal], and they

7

also underscore the fact that the legislature created a mandatory procedure for effectuating such service." *McCall v. Kulongoski*, 339 Or 186, 195, 118 P3d 256 (2005) (emphasis added); *see Wal-Mart*, 341 Or at 398-99 ("[I]n *McCall*, this court held that the section describing the procedure for accomplishing service, ORS 19.500, also set forth a jurisdictional requirement." (Footnote omitted.)). The timing and manner of service are so closely related that this court has cast doubt on whether they ever can be separated:

> "[G]iven the well-established legal meaning of 'service,' which encompasses delivery of a legal document in a specific manner, if the legislature intended to refer to the 'fact' of service alone (assuming that the 'fact' of service could be divorced from the 'manner' of service), it would need to do so explicitly, as such a meaning is not necessarily implied by an unaccompanied reference to 'service.'"

*Wal-Mart*, 341 Or at 399 n 8.

Because case law establishes that the manner of service is a necessary component of appellate jurisdiction, we turn to taxpayers' first argument. As noted, taxpayers do not contend that e-mailing a courtesy copy of the notice of appeal to the department's attorneys met the requirements of ORCP 9 G. Instead, they assert that it met the requirements of the general service provisions of ORCP 9 B because the e-mail amounted to "delivering a copy" by "leaving it at such person's office * * * in a conspicuous place therein."[5]

---

[5]   Strictly speaking, the text of ORCP 9 B permits the document to be left "in a conspicuous place" only "if there is no one in charge" of the office. The parties have not suggested that that textual limitation creates any issue here, and we will assume for purposes of argument that the textual requirement of "no one in charge" imposes no obstacle in this case.

8

In support, taxpayers rely on this court's decision in *Gadda v. Gadda*, 341 Or 1, 136 P3d 1099 (2006). In that case, the husband, who was attempting to serve his wife with a notice of appeal, sent a copy by mail to the wife's prior attorney. The prior attorney received the notice of appeal and forwarded a copy to the wife's current attorney. The wife's current attorney received the service copy of the notice of appeal before the deadline to perform service had expired. This court concluded that the husband had completed service timely. *Id.* at 3. The court began by noting that the husband conceded that, because he had mailed the notice of appeal to the wrong attorney, his attempt at service was not complete on mailing. *See id.* at 4-6, 8 (discussing effect of *McCall* and husband's concession). The husband nevertheless asserted that the forwarding of the notice of appeal to the wife's current attorney, even though done by the prior attorney, qualified as service by delivery under the general provisions of ORCP 9 B. 341 Or at 8. This court agreed, concluding that the current attorney's date stamp on the forwarded notice of appeal showed that it had been left "'at such person's office with such person's clerk or person apparently in charge thereof'" or "'in a conspicuous place therein.'" *See id.* (quoting ORCP 9 B). The court explained that, although "an appellant (or an appellant's agent) must 'cause' the notice of appeal to be served," "cause" is a broad term. *Id.* at 10-11. The court concluded that the husband had "caused" the notice of appeal to be delivered to the wife, even though that delivery depended on the actions of people who were not the husband's agents: the wife's prior attorney and the postal service. *Id.* at 11, 9.

In other words, *Gadda* held that the specific provisions regarding service by

9

mailing did not abrogate the general provisions regarding service by delivery, so failure to comply with the mailing rule did not automatically mean that there was a failure to perform service. To the same effect is *Stroh v. SAIF*, 261 Or 117, 492 P2d 472 (1972), in which a party serving a request for judicial review had failed to comply with a statute that permitted service by mail to be effective on mailing. The court explained that the failure to meet the mailing rule still permitted reference to general service requirements: "If the statute [permitting service by mail to be complete upon mailing] is not complied with, the rule is the same as it is where there is no statute providing for notice by mail." *Id.* at 120 (footnote omitted).

The issues in both *Gadda* and *Stroh* involved a scenario in which the legislature had created an additional means of service beyond "delivery" -- that is, service by mail. If the statutory requirements for service by mail were met, then service was complete on mailing, without requiring that the recipient had actually received the served document. *See Gadda*, 341 Or at 4; *Stroh*, 261 Or at 120 (both so stating). The failure of the parties in those cases to comply with the mailing rule thus did not invalidate their attempts to provide notice; rather, it simply kept them from obtaining the benefit of the mailing rule (service complete on mailing). The court still could examine whether the parties had complied with the other, permitted forms of service.

This case, however, involves a different rule that makes the logic of *Gadda* and *Stroh* inapplicable here. ORCP 9 B specifically invokes ORCP 9 G when service is by e-mail, and it distinguishes service by e-mail from service by "[d]elivery of a copy." Under ORCP 9 B, service may be made by any of several alternative means. It may be

10

"made by delivering a copy to such attorney or party," or it may be "made * * * by mailing it to such attorney's or party's last known address," or (when the party is represented by an attorney) it may be "made * * * by telephonic facsimile communication device or e-mail as provided in sections F or G of this rule." The notice of appeal in this case was served, if at all, by e-mail. In that circumstance, ORCP 9 B specifically and unequivocally directs us to evaluate the propriety of service under the terms of ORCP 9 G.[6]

That alone would not necessarily make *Gadda* and *Stroh* distinguishable. But the first sentence of ORCP 9 G does. "Service by e-mail *is prohibited*" unless certain conditions are met. ORCP 9 G (emphasis added). And the text of ORCP 9 G also specifically indicates that actual receipt of the e-mail is not enough to constitute a legally sufficient service. To complete service under ORCP 9 G, there must be *both* confirmation of actual receipt *and* a preexisting written agreement between the attorneys. *See* ORCP 9 G (written agreement is necessary to service by e-mail, but any particular e-mail service occurs only once "the sender has received confirmation that the attachment has been received by the designated recipient").

---

[6] If there were no ORCP 9 G, an attorney might argue that sending the document by e-mail constituted "delivery" service under ORCP 9 B, provided that the other attorney actually had received the e-mail. *See Gadda*, 341 Or at 6 (question before court was whether actual delivery was sufficient, regardless of how delivery was initiated); *Stroh*, 261 Or at 119 ("In the absence of statute [allowing service by mail to be complete on mailing,] the deposit of a notification in the mail is not effective as notice unless the notification is received." (Footnote omitted.)).

11

Taxpayers' argument that they accomplished delivery under ORCP 9 B would, on the facts of this case, render ORCP 9 G a nullity. Service by e-mail would not be prohibited absent particular conditions; it would be allowed on the same terms and conditions as any other method of service by delivery. Furthermore, any service that complied with ORCP 9 G would also constitute service by delivery under the general terms of ORCP 9 B, thus rendering ORCP 9 G superfluous. We cannot circumvent the rule's text in such a fashion.

For those reasons, we cannot accept taxpayers' argument. Taxpayers may have received confirmation that the department's attorneys received the notice of appeal by e-mail, but taxpayers did not have the required prior written agreement to allow service by e-mail. Accordingly, under ORCP 9 G, "[s]ervice by e-mail is prohibited." Taxpayers' attempt to perform service only by e-mail without complying with all the terms of ORCP 9 G means that they failed to perform service.[7]

Having concluded that taxpayers failed to serve the notice of appeal as required by ORS chapter 19, we turn to taxpayers' second argument: that they substantially complied with the service requirements by timely giving actual notice to the department. In support, taxpayers primarily rely on the plurality opinion in *Brown v. Portland School Dist. #1*, 291 Or 77, 628 P2d 1183 (1981).

---

[7] We note that our conclusion is limited to the facts presented here, where the service occurred entirely by e-mail. Our conclusion would not necessarily hold if the e-mail was merely a link in a larger chain of service, however (*e.g.*, if an attorney e-mailed a document to a process server who then printed the document and served it in person).

12

*Brown* involved the Oregon Tort Claims Act. The plaintiff had given notice of a tort claim by first-class mail, when the statute required either personal service or service by certified mail. *Id.* at 79-80. The statute added that "'[a] notice of claim * * * which is presented in any other manner than herein provided, is invalid.'" *Id.* at 80 (quoting *former* ORS 30.275(1) (1977)). A plurality of the court noted that it previously had applied the doctrine of substantial compliance to notices under the tort claims act "to avoid the harsh results of insisting on literal compliance with statutory notice provisions where the purpose of these requirements has been met." *Id.* at 80-81. Relying on the legislative history of the statute, the plurality concluded that the legislature had "intended to confine the doctrine of substantial compliance within narrow limits, but not necessarily to eliminate it." *Id.* at 81. The plurality held that, where the plaintiff alleged that the school district had received the notice, the plaintiff had sufficiently pleaded substantial compliance with the statute. *Id.* at 82-83.[8]

We are not persuaded that we should extend the substantial compliance holding of the *Brown* plurality to this case, for essentially the same reasons that we have

---

[8] A fourth justice concurred in the result, but on the independent ground that the plaintiff had adequately pleaded that the school district had waived its right to challenge the sufficiency of the notice. 291 Or at 85 (Tongue, J., specially concurring). Three other justices dissented in two separate opinions. *Id.* at 89 (Lent, J., dissenting, joined by Linde, J.) ("My disagreement with the majority is that the legislature has decreed, as commandingly as the English language permits, that substantial compliance is not sufficient."); *id.* at 94 (Peterson, J., dissenting) ("Surely, it is not necessary for the legislature to re-enact the amendment * * * and then add 'and this time we really mean it,' for the court to give effect to the clear legislative intent.").

13

already articulated.  The very concept of service -- in contrast to the notice requirement prior to filing a tort claim -- necessarily carries with it the formally prescribed manner of service, and service in the prescribed manner is jurisdictional.  The position that taxpayers espouse would read ORCP 9 G out of the service rule.  Service by e-mail would not be "prohibited" absent a written agreement, because e-mail service that provided actual notice would always be effective, whether or not the attorneys had executed a written agreement.  In contrast to *Brown*, the text of ORCP 9 G indicates a legislative intent[9] to preclude service by e-mail even if the document actually was received.  *Compare Brown*, 291 Or at 81 (asserting that Oregon Tort Claims Act contained "no suggestion that the proponents or the legislature intended to preclude recovery * * * where notice proper in form and content was actually received by the statutorily designated official").

For the foregoing reasons, we conclude that taxpayers' attempt to serve the notice of appeal by e-mail was ineffective.  Because taxpayers failed to timely serve their notice of appeal, this court lacks jurisdiction over the appeal.  Accordingly, we have no choice but to dismiss the appeal.

---

[9]    We use the term "legislative intent" loosely.  The relevant intent behind ORCP 9 G is that of the Council on Court Procedures, because the legislature made no changes to that rule.  *See* ORS 1.735(1) (authorizing Council to promulgate rules of procedure, which become effective absent action by legislature); *Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 382 n 2, 8 P3d 200 (2000), *adh'd to on recons*, 331 Or 595, 18 P3d 1096 (2001) ("[U]nless the legislature amended the rule at issue in a particular case in a manner that affects the issues in that case, the Council's intent governs the interpretation of the rule.").

We offer a final observation. The use of e-mail for the transmittal of court documents is ubiquitous, and this court relies on e-mail and Internet- and server-based communications for much of its work. We are not sure that the restrictions that the Council on Court Procedures imposed on e-mail service when it adopted ORCP 9 G in 2008 reflect the realities of legal practice today, a short four years later. The harsh result required by the text of the rule here seems -- at least on its face -- unnecessary to the purposes of the rule.[10] Although we are bound by the text of ORCP 9 G, it may be appropriate for the Council to reexamine the rule's limits on e-mail service in light of current practices among lawyers.

The appeal is dismissed.

---

[10] The dual requirements -- preexisting written agreement and confirmation of receipt -- add little to each other. If e-mail service occurs only when the recipient acknowledges actual receipt, there seems no reason to also require a preexisting written agreement allowing service by e-mail. We do not see what a preexisting agreement adds when the served attorney has confirmed receipt. Conversely, if an attorney has agreed in writing to accept service by e-mail, the attorney has necessarily committed to monitor his or her e-mail account for documents filed in that case and to accept any risk associated with that method of delivery. It seems largely superfluous to make the efficacy of service turn on the opposing attorney confirming actual receipt of each document.