No. 48　　　　　August 7, 2014　　　　　753

## IN THE SUPREME COURT OF THE
## STATE OF OREGON

Jennifer Ann HEIKKILA,
*Respondent on Review,*

*v.*

Shawn Dean HEIKKILA,
*Petitioner on Review.*

(CC DR13040666; CA A154447; SC S061636)

En Banc

On review of an order of the Court of Appeals.*

Argued and submitted June 23, 2014.

Jonah Morningstar, Morningstar Legal Arts, Ashland, argued the cause and filed the brief for petitioner on review.

Adam J. Brittle, Brittle & Brittle, P.C., Portland, argued the cause and filed the brief for respondent on review.

KISTLER, J.

The order of the Court of Appeals is affirmed.

_____
　* Order of Dismissal issued by the Appellate Commissioner on July 15, 2013; order denying reconsideration of order of dismissal issued by the Chief Judge on August 6, 2013.

**KISTLER, J.**

ORCP 9 B requires a party filing a notice of appeal to serve a copy of the notice on a represented party's attorney. The question that this case presents is whether an appellant's failure to comply with that requirement is a jurisdictional defect. The Court of Appeals held that it is and dismissed this appeal. We allowed review to consider that issue and now affirm the Court of Appeals' order dismissing the appeal.

Before turning to the facts of this case, it is helpful to describe briefly the governing statutes. To confer jurisdiction on the Court of Appeals, an appellant must file the notice of appeal and serve it on the other parties to the action within 30 days after the judgment is entered in the register. *See* ORS 19.270(1) (providing that timely filing and service of the notice of appeal are jurisdictional); ORS 19.255 (specifying that an appellant must file and serve the notice of appeal within 30 days). Although ORS 19.270 provides that timely service of the notice of appeal is jurisdictional, it does not specify how the notice of appeal must be served. On that issue, ORS 19.500 provides:

"Except as otherwise provided in this chapter, when any provision of this chapter requires that a document be served and filed, the document shall be served in the manner provided in ORCP 9 B."

ORCP 9 B, in turn, provides that, when a party is represented by an attorney, "service shall be made upon the attorney unless otherwise ordered by the court."[1]

In this case, the trial court granted wife's petition for a restraining order against husband and entered that order in the trial court register on May 9, 2013. On June 10,

---

[1] ORCP 9 B provides, in part:

"Whenever under these rules service is required or permitted to be made upon a party, and that party is represented by an attorney, the service shall be made upon the attorney unless otherwise ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to such attorney or party, by mailing it to such attorney's or party's last known address or, if the party is represented by an attorney, by telephonic facsimile communication device or e-mail as provided in sections F or G of this rule. *** Service by mail is complete upon mailing."

2013, husband's attorney filed a notice of appeal and served a copy of that notice by mailing it to wife.[2] Husband's attorney did not serve a copy of the notice on wife's attorney, even though ORCP 9 B required him to do so and even though wife has been represented by the same attorney throughout this litigation. Eight days later, the Court of Appeals sent a "deficiency notice" to husband stating that the case caption in the notice of appeal was incorrect. The Court of Appeals sent a copy of the deficiency notice to wife, who emailed a picture of it to her attorney.

Shortly after wife's attorney learned that husband had filed a notice of appeal, wife moved to dismiss husband's appeal because the Court of Appeals lacked jurisdiction. Wife noted that husband had not served her attorney with a copy of the notice of appeal, as ORCP 9 B requires. Relying on *McCall v. Kulongoski*, 339 Or 186, 118 P3d 256 (2005), wife reasoned that ORCP 9 B defines the manner of service that, under ORS 19.270, is a necessary prerequisite for appellate jurisdiction. It followed, wife concluded, that husband's failure to serve the notice of appeal on her attorney in compliance with ORCP 9 B deprived the Court of Appeals of jurisdiction. The Appellate Commissioner agreed and dismissed husband's appeal. The Chief Judge of the Court of Appeals denied husband's motion for reconsideration, and we allowed husband's petition for review to consider whether his failure to comply with ORCP 9 B is a jurisdictional defect.[3]

On review, husband notes that the plain text of the jurisdictional statutes requires that an appellant serve a copy of the notice of appeal on the other "parties" to the case. *See* ORS 19.270(2); ORS 19.240. In husband's view, those statutes define what a party must do to confer jurisdiction on the Court of Appeals, and he complied with them. He timely served the only other "party" to the action—namely, his wife—with a copy of the notice of appeal. Husband does not dispute that he failed to comply with ORCP 9 B when he failed to serve wife's attorney. He reasons, however, that

---

[2] The 30th day following entry of the trial court's order granting the restraining order fell on a Saturday. Husband timely filed his notice of appeal the next business day. *See* ORS 174.120(3).

[3] The lawyer who currently represents husband on review is not the lawyer who filed and served the notice of appeal.

that error is not jurisdictional and that statements to the contrary in *McCall* were unnecessary to decide that case.

In considering husband's argument, we start with the text of ORS 19.270. ORS 19.270(1) provides that "the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255." ORS 19.270(2) specifies that the "following requirements of ORS 19.240, 19.250 and 19.255 are jurisdictional and may not be waived or extended." One of those requirements is that the notice of appeal be "served" on either the "adverse parties" identified in the notice of appeal or, if the notice does not identify which parties are adverse, "all parties who have appeared in the action." ORS 19.270(2)(a).

Husband's interpretation of the text of ORS 19.270 is plausible. Not only does ORS 19.270(2) not specify that compliance with ORS 19.500 and ORCP 9 B is a jurisdictional prerequisite, but it requires only that the notice of appeal be served on the "parties" to the action. ORS 19.270(2) does not require that the notice of appeal be served on the party's attorney as a prerequisite to obtaining jurisdiction.

Another interpretation is also permissible, however. As this court recognized in *McCall*, ORS 19.270 requires that the notice of appeal be timely served on either those adverse parties identified in the notice of appeal or all the parties who have appeared in the action. *See* 339 Or at 194. Although ORS 19.270 makes clear that timely service is jurisdictional, it does not specify how timely service must be accomplished to confer jurisdiction on the Court of Appeals. ORS 19.500 fills that gap. It provides that, when ORS chapter 19 requires that a document be served and filed, "the document shall be served in the manner provided in ORCP 9 B."

We have consistently interpreted ORS 19.270 in context; that is, we have consistently read ORS 19.270 and ORS 19.500 together to determine who must be served and how service must be accomplished for the Court of Appeals to acquire jurisdiction. In *McCall*, for example, this court held that the Court of Appeals lacked jurisdiction over the defendant's appeal because the defendant had not served the

plaintiffs by mailing the notice of appeal to "the last known address of [the] plaintiffs' lawyers," as ORCP 9 B required. *McCall*, 339 Or at 195. In reaching that conclusion, the court explained that ORS 19.270, ORS 19.240, and ORS 19.500 "illustrate that the legislature intended to premise appellate jurisdiction under ORS chapter 19 on proper service of notice" and that ORS 19.500 specifies that the proper manner of service is that set out in OCRP 9 B.[4] *Id.*

This court returned to the issue one year later in *Gadda v. Gadda*, 341 Or 1, 136 P3d 1099 (2006). In that case, the court held that the Court of Appeals had jurisdiction over the husband's appeal because the husband had caused the notice of appeal to be delivered to the wife's attorney, in accordance with ORCP 9 B. That holding rests on the proposition that compliance (or noncompliance) with the service requirements in ORCP 9 B is jurisdictional.

Most recently, in *Ann Sacks Tile and Stone, Inc. v. Dept. of Rev.*, 352 Or 380, 390, 287 P3d 1062 (2012), this court held that a party's failure to serve a notice of appeal consistently with ORCP 9 B deprived the Court of Appeals of jurisdiction. In so holding, the court specifically considered the issue that husband raises here. The court noted:

"Although ORS 19.270(2)(a) specifically makes the timeliness of service jurisdictional, that statute does not cross reference either ORS 19.260 or ORS 19.500, which govern the manner of service. Therefore, the possibility exists that the manner of service is not jurisdictional."

*Id.* at 386 (emphasis omitted). Addressing that possibility, this court rejected it. The court explained that "[t]his court's prior case law *** leaves no doubt that appellate jurisdiction requires service of a notice of appeal in a particular manner." *Id.* The court reasoned that, under cases such as *McCall* and *Wal-Mart Stores, Inc. v. City of Central Point*, 341 Or 393, 144 P3d 914 (2006), the timeliness of service

---

[4] Husband argues that *McCall* is distinguishable because the defendant in that case served the plaintiff by mailing the notice of appeal to the wrong address. The requirement, however, that the defendant in that case serve the notice of appeal by mailing it to "the last known address of the plaintiffs' lawyers" came from ORCP 9 B. It was the defendant's failure to comply with that aspect of ORCP 9 B that led this court in *McCall* to hold that the Court of Appeals lacked jurisdiction. *See* 339 Or at 195-96.

and the manner of service are inextricably intertwined. *Ann Sacks*, 352 Or at 387. For a document to be timely served, service must comply with ORCP 9 B. *Id.* at 387, 390.

Those cases control this one. ORCP 9 B specifies how an appellant must serve a party when that party is represented. The appellant must serve the party's attorney. In this case, husband did not do so in a timely manner, and that failure deprived the Court of Appeals of jurisdiction. For us to hold otherwise, we would have to overrule our decisions in *McCall*, *Gadda*, and *Ann Sacks*. Husband, however, has presented no basis for our doing so. *See [Farmers Ins. Co. v. Mowry](#)*, 350 Or 686, 698, 261 P3d 1 (2011) (explaining the bases for overruling precedents). We accordingly adhere to our decisions in *McCall*, *Gadda*, and *Ann Sacks*. Under those decisions, husband's failure to serve the notice of appeal in compliance with ORCP 9 B deprived the Court of Appeals of jurisdiction.

The order of the Court of Appeals is affirmed.