IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

LINCOLN COUNTY ASSESSOR,    )
    )
       Plaintiff,    )   TC-MD 150057D
    )
    v.    )
    )
REGINALD RICHMOND    )
and SHERREL RICHMOND,    )
    )
       Defendants.    )   **FINAL DECISION OF DISMISSAL**

This Final Decision incorporates without change the court's Decision, entered June 17, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

This matter is before the court on Plaintiff's Motion for Default, filed June 1, 2015.

Plaintiff filed its Complaint, disputing the real market value of property identified as Account R515840 (subject property) determined by the Lincoln County Board of Property Tax Appeals for tax year 2014-2015. Plaintiff's representative, Terry Shawn Wylie, filed a Certificate of Service on April 8, 2015, stating:

> "I hereby certify that on April 6, 2015 (date), a copy of this Answer was served on Reginald & Sherrel Richmond (Plaintiff(s)), by depositing in the United States Postal Service, at Newport, Oregon (city), a full, true and correct copy of this Answer addressed to  * * * ."

ORS 305.560(3)[1] states the proper procedure for service of a complaint when the taxpayer is not the appealing party:

> "In any case in which the taxpayer is not the appealing party, a copy of the complaint shall be served upon the taxpayer by the appealing party by certified mail within the period for filing an appeal, and an affidavit showing such service shall be filed with the clerk of the tax court."

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2013 year.

In interpreting ORS 305.560(3), the court looks to the leading case on statutory interpretation for guidance, *PGE v. Bureau of Labor and Industries* (*PGE*), 317 Or 606, 859 P2d 1143 (1993). "In interpreting a statute, the court's task is to discern the intent of the legislature." *Id*. at 610 (citing ORS 174.020). The legislative intent is to be determined first from "the text and context of the statute." *Id*. at 610. After examining text and context, the court may consider legislative history that "appears useful to the court's analysis." *State v. Gaines* (*Gaines*), 346 Or 160, 172, 206 P3d 1042 (2009). Additionally, "words of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010.

ORS 305.560(3) states the proper procedure for service: "copy of the complaint *shall* be *served* upon the taxpayer by the appealing party by *certified mail within the period for filing an appeal * * * and an affidavit* showing such service *shall be filed* with the clerk of the tax court." (Emphasis added.) "'Shall' is a command: it is 'used in laws, regulations, or directives to express what is mandatory.'" *Preble v. Dept. of Rev.*, 331 Or 320, 324, 14 P3d 613 (2000) (citations omitted). The term "and" sets forth two requirements that must occur for service to meet the statutory requirements: "certified mail within the period for filing an appeal" and filing an "affidavit showing such service." ORS 305.560(3).

In this matter before the court, Plaintiff is not the taxpayer. Plaintiff must meet the statutory requirements of ORS 305.560(3). As of this date, Plaintiff has not filed an affidavit showing that Plaintiff's Complaint was served upon Defendants "by certified mail within the

period for filing an appeal." ORS 305.560(3). Plaintiff's Certificate of Service states that a "copy of" its "Answer" was served on Defendants. Plaintiff did not file an "Answer"; Plaintiff filed a Complaint. Plaintiff's Certificate of Service states that its "Answer" was served "by depositing in the United States Postal Service." Plaintiff did not file an affidavit stating that its Complaint was served by certified mail. There is no evidence before the court that Plaintiff met the statutory requirements of ORS 305.560(3).

In light of Plaintiff's failure to meet the statutory service requirements, the court considers the whether the court should dismiss Plaintiff's appeal on its own motion because Plaintiff's service defects deprive the court of jurisdiction. The court must resolve the question of jurisdiction whether that question is raised by the parties or not. *Douglas County v. Smith*, 18 OTR 450, 452 (2006). The question is whether Plaintiff's failure to comply with ORS 305.560(3) deprives the court of jurisdiction to decide Plaintiff's appeal.

ORS 305.560(3) specifies the particular manner and timing of service. The Oregon Supreme Court concluded that "[t]he timing and manner of service are so closely related that this court has cast doubt on whether they ever can be separated[.]" *Ann Sacks Tile and Stone, Inc. v. Dept. of Rev.(Ann Sacks)*, 352 Or 380, 387, 287 P3d 1062 (2012), citing *Wal-Mart Stores, Inc. v. City of Central Point (Wal-Mart)*, 341 Or 393, 399, n 8, 133 P3d 914 (2006). The court reasoned that if the legislature wanted separation of timing and manner of service "it would need to do so explicitly[.]" *Id.*

ORS 305.425(2) as applied to ORS 305.560(3) explicitly refers only to the timing requirement:

> "If a statute provides for an appeal to or a review by the court of an order, act, omission or determination of the Department of Revenue, a board of property tax

/ / /

appeals or of any other administrative agency * * * [*t*]*he time within which the statute provides that the proceeding shall be brought is a period of limitations and is not jurisdictional*."

(Emphasis added.)   In *Multnomah County v. Dept of Rev*. (*Multnomah County*), 325 Or 230 (1997), the court focused on "the 60-day period prescribed by ORS 305.560(3) * * * to serve [a] taxpayer with a copy of its complaint in the Tax Court." *Id.* at 232.  The current text of ORS 305.560(3) does not include reference to a specific time period for filing an appeal; the statute requires the complaint to be served "within the period for filing an appeal."  In the context of the 60-day period – the timing of service -- the court concluded that ORS 305.560(3) is not a jurisdictional statute because it is controlled by ORS 305.425(2).  *Multnomah County*, 325 Or at 238.

ORS 305.425(2) does not refer to the manner of service.  It does not explicitly state whether the manner of service in contrast to timing is or is not jurisdictional.  Recent case law supports the conclusion that the certified mail requirement of ORS 305.560(3) is jurisdictional. The Oregon Supreme Court in reviewing an appeal of an Oregon Tax Court judgment concluded that taxpayers' failure to properly serve notice of appeal in a particular manner deprived the court of jurisdiction to decide the appeal.  *Ann Sacks*, 352 Or at 392 (holding that "taxpayers' attempt to serve the notice of appeal by e-mail was ineffective []" and the court lacked "jurisdiction over the appeal," resulting in the court dismissing the appeal).  The court noted that:

> "the term 'service' has a well-defined legal meaning that necessarily imports formal requirements as to the method by which that service occurs: 'Service is [t]he formal delivery of a writ, summons, or other legal process' or '[t]he formal delivery of some other legal notice, such as a pleading.' *Black's Law Dictionary* 1399 (8[th] ed 2004).  In other words, service is the delivery of some sort of legal notice in some formal manner. * * * To serve is '[t]o make legal delivery of (a notice or process)' or '[t]o present (a person) with a notice or

/ / /

/ / /

process as required by law.' *Id. Implicit in that definition is the assumption of legal requirements as to how the delivery is to take place.*'"

*Id.* at 386-87,(emphasis added), citing *Wal-Mart*, 341 Or at 398 (holding "that Court of Appeals lacked jurisdiction over petition for judicial review of Land Use Board of Appeals order when petitioner had served petition by first-class mail, rather than by certified or registered mail as prescribed by statute.") The court concluded that "case law establishes that the manner of service is a necessary component of appellate jurisdiction[.]" *Id.* at 387.

In interpreting ORS 305.560(3), the court must not omit what has been inserted, specifically the manner of service by certified mail and the affidavit requirements. Based on the cited case law and general rules for statutory construction, this court concludes that the manner of service is jurisdictional.

In the case before the court, Plaintiff attempted to serve Defendants notice of appeal by regular mail (United States Postal Service), not certified mail. Plaintiff failed to file the required affidavit with the court. Because Plaintiff failed to properly serve Defendants, this court lacks jurisdiction over the appeal and Plaintiff's appeal is dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff failed to meet the statutory service requirements of ORS 305.560(3) and its Complaint was not properly served on Defendant within the time period for filing an appeal of the Lincoln County Board of Property Tax Appeals Order, dated February 20, 2015; Plaintiff's Complaint is dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff's Motion for Default is moot.

Dated this ___ day of July 2015.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on July 7, 2015.*